## ESTATE OF SALLIE H. LAW, DECEASED.

APPEAL BY THE FIDELITY ETC. CO., TRUSTEE, FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued January 29, 1891—Decided March 9, 1891.

The creditors of one who, as the executor of a deceased executor, has filed an account as to the estate of the latter's testator, being neither legatees, distributees, nor creditors of the estate settled, have no standing to contest the account on the adjudication thereof: McBride's App., 72 Pa. 480; Braman's App., 89 Pa. 78; Winton's App., 111 Pa. 389; High's Est., 136 Pa. 222.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 26 January Term 1891, Sup. Ct.; court below, No. 499 October Term 1889, O. C.

On January 9, 1890, the account of Philip H. Law, executor of the will of Sallie H. Law, deceased, filed by David E. Dallam, executor of the will of said Philip H. Law, then deceased, was called for audit before PENROSE, J., when the following facts were shown.

Sallie H. Law, the widow of John Kelty Law, deceased, died on October 1, 1886, leaving by her will her residuary estate to her three children, Philip H. Law, Mrs. Murdock and Mrs. David E. Dallam, and appointing said Philip H. Law her executor. Philip H. Law died, testate, on May 22, 1888, without having filed an inventory or account of the estate of *his* testatrix. Letters testamentary upon the will of Philip H. Law having been issued to David E. Dallam, the latter proceeded to file the account now for adjudication, and in it he charged Philip H. Law, as executor of Sallie H. Law, deceased,

"with the amount of the estate of John Kelty Law, which, with the apparent acquiescence of all parties in interest, was transferred to the widow, Sallie H. Law, and treated by her as her individual estate, to wit, $61,160.43," and with certain ground-rents "of the individual estate of said Sallie H. Law," to wit, $2,500; total $63,660.43. Credits were taken for payments made to the residuary legatees and for ear-marked securities found in the deceased executor's possession at the time of his death, leaving a balance due the estate of $12,490.63, one half of which was stated to be payable to Mrs. Murdock and one half to Mrs. David E. Dallam.

Certain personal creditors of Philip H. Law, deceased, among whom was the Fidelity Insurance, Trust & Safe-Deposit Company, trustee of Annie Conner, alleging that the estate of said Philip H. Law was insolvent, urged before the auditing judge that due proof should be given that the deceased executor had received the assets with which he was charged in the account. The auditing judge questioned the soundness of the position, but directed the examination of Mr. Dallam, for the purpose of ascertaining the data from which he had stated the account. The competency of Mr. Dallam as a witness was objected to, on the ground of the interest of his wife in the establishment of the charge; but Mr. Dallam, being examined, testified in substance, in explanation of the account, that he had not obtained the amount of the debit side of the account from any inventory filed by Philip H. Law, or from any books or memoranda, but he had heard Sallie H. Law assert in the presence of Philip H. Law, who did not dissent, that in the inventory of John Kelty Law's estate, filed by her and Philip H. Law twenty-two years before, the estate was estimated at $62,171.34; that Sallie H. Law in her will stated that the whole of said estate had been transferred to her, and that she frequently asserted in the presence of Philip H. Law, who did not dissent, that her estate was in his possession as her agent. Mr. Dallam testified, further, that prior to his death Philip H. Law admitted to him that the estate of Sallie H. Law was worth between $54,000 and $55,000, and produced the affidavit of Philip H. Law, made before the register of wills when he applied for letters testamentary upon the estate of Sallie H. Law, stating the value of the personal estate to be between $40,000 and $50,000.

Arguments.

Upon the testimony adduced on the hearing, the auditing judge made a modification of the account as stated, changing the debit side of the account to $54,000, which resulted in a balance due the estate of Sallie H. Law, deceased, of $4,932.55.*

To this adjudication, the Fidelity Co., trustee of Annie Conner filed exceptions, alleging that the auditing judge erred:

1–5. In admitting the testimony of David E. Dallam, an incompetent witness, as to the data from which he stated the account, and as to the declarations of the deceased testatrix and executor.

6–8. In finding the estate of the deceased executor chargeable with $54,000, on the debit side of the account, with a balance due the estate of Sallie H. Law, deceased, of $4,932.55.

Said exceptions having been argued before the court in banc, an opinion was filed, HANNA, P. J., on May 6, 1890, wherein,— upon the standing of the exceptants, citing: McBride's App., 72 Pa. 480; Braman's App., 89 Pa. 78; Winton's App., 111 Pa. 387; distinguishing Bitner v. Boone, 128 Pa. 567, and Daisz's App., 128 Pa. 572, on the ground that the accountant was not to be considered as a witness, and his competency as such was not involved; upon the right and duty of the accountant to state the account of his testator from all the material in his possession and the facts within his own knowledge, and to charge his testator with the amount of assets received by him from statements and declarations by him made: Whitehead's Est., 3 W. N. 475; Stewart's Est., 3 W. N. 476; s. c. 6 W. N. 434; Bowman v. Herr, 1 P. & W. 282,—it was ordered and adjudged that the exceptions be dismissed and the adjudication confirmed.

Thereupon the exceptant took this appeal, assigning the dismissal of the exceptions and the confirmation of the adjudication, for error.

*Mr. H. La Barre Jayne* (with him *Mr. Arthur Biddle* and *Mr. George W. Biddle*), for the appellant.

---

*It was made to appear that the account under consideration was stated for the purpose of establishing the amount of the indebtedness of Philip H. Law, as executor, to the estate of Sallie H. Law, deceased, so that the administratrix, d. b. n., c. t. a., of the latter, could prove it up for a dividend out of the insolvent estate of Philip H. Law, deceased.

Opinion of the Court.

Counsel cited: Hoch's App., 21 Pa. 280; Ritter's App., 23 Pa. 95. (1) Kellberg's App., 86 Pa. 129; Harris's Est., 19 W. N. 538. (2) Potts v. Smith, 3 R. 361; Milligan's App., 97 Pa. 527; Orr's App., 7 W. N. 126.

*Mr. Frank P. Prichard* (with him *Mr. George Peirce* and *Mr. M. Hampton Todd*), for the appellees.

PER CURIAM:

The able and ingenious argument of the learned counsel for the appellants has failed to satisfy us that this decree should be reversed. His main difficulty is that the clients whom he represents are neither legatees, distributees, nor creditors of Sallie H. Law's estate, the account of whose executor was before the court below. That they have no standing, therefore, to contest the account, is a principle so well settled that a discussion of the authorities is unnecessary. It is sufficient to refer to McBride's App., 72 Pa. 480; Braman's App., 89 Pa. 78; Winton's App., 111 Pa. 389; High's Est., 136 Pa. 222. It may be, as contended by the appellants, that they will be collaterally affected by the decree in this estate, but there is no rule of law which entitles a person to be heard in, or become a party to, a judicial proceeding for such a reason. Nor are the appellants wholly without remedy. As they are not parties to the distribution of Sallie H. Law's estate, they may not be bound by the decree therein, provided they can show hereafter that said decree was procured by fraud or collusion. And slight evidence might perhaps be sufficient, in view of the administrator's position, to shift the burden of proof. We express no opinion upon the merits of the case.

The decree is affirmed and the appeal dismissed, at the cost of the appellant.