## Hamilton, Appellant, v. Sechrist.

Argued October 3, 1940.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Hardie Scott,* with him *John R. K. Scott* and *William T. Connor,* for appellant.

*Earl Jay Gratz,* with him *Joseph Bell,* for appellee.

OPINION BY PARKER, J., December 11, 1940:

We are all of the opinion that the learned court below erred in opening a judgment entered against the defendant for want of an affidavit of defense. There was a petition to open on which a rule to show cause was granted and a responsive answer by plaintiff. These pleadings raised disputed questions of fact and no depositions were taken by either party.

While courts have broad powers with respect to the opening of judgments, this discretion must be grounded upon competent evidence: *Woods v. Irwin,* 141 Pa. 278, 21 A. 603; *Emademe v. Weadick,* 69 Pa. Superior Ct. 369, 372; *Feldman v. Leace,* 71 Pa. Superior Ct. 239. It follows, as is shown by the same authorities, that when a responsive answer is filed and no depositions are taken or admissions made it is error to open a judgment upon the petition of judgment defendant. The appellee in support of the order made cites some cases where the appellate courts have sustained orders opening judgments although depositions were not taken. An examination of each of those cases will show that the pleadings raised a controlling question of *law* arising from admitted facts sufficient to warrant the action taken.

Here the answer was responsive and raised controlling questions of *fact.* The original action was in assumpsit and defendant was served with a summons and a copy of the statement of claim. He failed to appear or file an affidavit of defense within the time required by law. After judgment was entered against him, execution issued and the sheriff had collected and paid over to plaintiff a sum to apply on the judgment, defendant petitioned to open. As a ground for equitable relief he averred that he had a good defense, attaching a copy of his proposed affidavit of defense, and that

he "had no knowledge of the institution of the proceedings or the contents of the statement of claim until more than fifteen days after date of the alleged service of copy of the statement of claim, and therefore could not defend thereto within the prescribed time." The record discloses that the summons and statement of claim were served at the residence of defendant upon an adult member of his family, his wife. At the oral argument here and in the printed briefs, the validity of such service is not attacked. He relies alone on the allegation that he did not learn that the service had been in fact made.

Plaintiff answered the averments, denying the merits of the proposed defense, denying that defendant had no knowledge of the alleged service, and averring affirmatively that he did have such knowledge "and discussed the same with third parties." In addition, he averred laches on the part of the defendant in failing to make his application until after execution was issued and money made and paid over to plaintiff. The defendant failed to support his allegations by depositions and as a consequence the court was without any basis for its action unless we assume that any defendant who neglects to heed a summons or the service of a pleading may be relieved from the consequences of his dereliction without showing any substantial reason. In addition, the matter should not have been disposed of without some explanation from defendant for his delay in presenting his petition.

The order of the court below is reversed.