## Oppenheimer et al., Appellants, *v.* Shapiro.

Submitted April 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

186

*J. Franklin Nusbaum,* for appellants

*Martin J. Vigderman* and *Freedman, Landy & Lorry,* for appellee.

OPINION BY FINE, J., July 23, 1948:

Morton A. Oppenheimer, Herman L. Wexler and Ruth M. Oppenheimer, co-partners, trading as A. E. Oppenheimer & Bro., appeal from an order making absolute a rule to open judgment contending that no depositions were taken regarding an issue of fact raised by the petition and answer.

Appellants, on November 5, 1945, filed their statement of claim in assumpsit against Harold Shapiro, appellee, claiming $2,202.00 as damages for breach of an agreement for the sale of certain merchandise. On December 21, 1945, the court made absolute a rule to require appellants to file a more specific statement of claim within fifteen days. No such statement was filed as directed and 498 days thereafter, to wit, on May 3, 1947, appellee filed a petition for a rule to show cause why a judgment of *non pros* should not be entered. Upon request of counsel for appellants, appellee agreed that his rule for *non pros* be discharged and appellants be permitted to file a more specific statement, which was done on May 21, 1947. On July 15, 1947, appellants entered judgment against appellee for want of an answer and on July 18, 1947, issued execution thereon. Appellee filed a petition to open the default judgment on July 22, 1947, to which was attached, as an exhibit, an answer to the merits of appellants' claim. Three days later

appellants answered the petition to open. The court made absolute the rule to open judgment on August 27, 1947, on the petition and answer without aid of depositions. This appeal followed.

When a responsive answer is filed and no depositions are taken *or admissions made,* it has been held error, under certain circumstances, to open a judgment: *Hamilton v. Sechrist,* 142 Pa. Superior Ct. 354, 355, 16 A. 2d 671. Cf. *Woods v. Irwin,* 141 Pa. 278, 21 A. 603; *Feldman v. Leace,* 71 Pa. Superior Ct. 239; *Emademe v. Weadick,* 69 Pa. Superior Ct. 369, 372. Where, as here, the answer admits controlling averments of fact depositions are unnecessary.

Appellants by their answer have admitted that they were required to file a more specific statement of claim within fifteen days; that they did not file their statement until almost a year and a half later; that appellants requested appellee to withdraw his rule for judgment of *non pros* because of the inadvertence of appellants' attorney; that such forbearance and indulgence were forthcoming because of the urgent pleas of appellants; and that prior to entry of the default judgment by the appellants they were advised that opposing counsel was away on vacation and would not return until the end of July.[1] The only material averment denied by the appellants in their answer is that there was an agreement to extend the time for filing the affidavit of defense.

An order making absolute a rule to open a judgment entered by default and to let in a defense will be reversed on appeal only where there has been a clear and manifest abuse of discretion by the court below: *Berko-*

---

[1] Exhibit "B", attached to appellants' answer to rule to open, is a letter dated July 1, 1947, from Attorney Landy's secretary to counsel for appellants, which states, inter alia: ". . . Mr. Landy is presently away on vacation and will not return until the end of July. I trust, therefore, that you will take no action until such time that he returns. . . ."

*witz v. Kass,* 351 Pa. 263, 264, 40 A. 2d 691. "Petitions to open judgments by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles: Horn v. Witherspoon, 327 Pa. 295; relief will be given where such a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits: Pinsky v. Master, 343 Pa. 451, 452; Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441": *Quaker City Chocolate and Confectionery Company v. Warnock Building Association,* 347 Pa. 186, 190, 32 A. 2d 5. The court below did not abuse its discretion in making absolute the rule to open judgment: *Bekelja v. James E. Strates Shows, Inc.,* 349 Pa. 442, 37 A. 2d 502; *Perri v. Perri,* 335 Pa. 394, 6 A. 2d 775; *Rambo B. & L. Assn. v. Dragone,* 311 Pa. 422, 425, 166 A. 888; *Horning v. David,* 137 Pa. Superior Ct. 252, 8 A. 2d 729. Cf. *Planters Nut & Chocolate Co. v. Brown-Murray Co.,* 128 Pa. Superior Ct. 239, 193 A. 381. The petition was filed promptly and contained undenied averments excusatory of appellee's delay which a court administering equity might readily deem sufficient. Moreover, the record discloses the existence of a meritorious defense. Appellants' attorney was guilty of inordinate delay and neglect in not filing an amended statement of claim until almost a year and a half after allowance by the court, at which time appellee's right to a *non pros* was clear. He cannot now in good conscience be heard to say that the appellants are prejudiced by appellee's slight delay when they so freely dissipated time in the correction of their own fault, delaying an early determination of the controversy on the merits. Their manifest anxiety to prevail by a default judgment bespeaks a lack of faith in a recovery should they be relegated to a test of their claim on the merits. To permit the defense may prove detrimental to appellants but it does not constitute prejudice, for there is no deprivation or invasion of appellants' rights which could mean a loss to them other than such as may

result from a successful defense by the appellee. As stated in *McFadden v. Pennzoil Company*, 326 Pa. 277, 278, 279, 191 A. 584, "The court's action was a matter within its sound discretion (Williamsport National Bank v. Kreamer, 230 Pa. 515) and will not be reversed unless abuse appears affirmatively on the record (International Harvester Co. v. Miller, 51 Pa. Superior Ct. 324) to the substantial prejudice of the defendant: Kulp v. Lehigh Valley Transit Co., 81 Pa. Superior Ct. 296. . . . This court is quite reluctant to foreclose a party because of the failing of his counsel (National Finance Corp. v. Bergdoll, 300 Pa. 540) when obvious injustice will be done."

We can readily understand how and why the court below, confronted with appellee's delay, working no prejudice, and the absence of fair reciprocation of professional courtesy on the part of appellants' counsel, was conscionably moved to open the default judgment in aid of substantial justice. Cf. *Pinsky v. Master*, 343 Pa. 451, 23 A. 2d 727, supra. In view of all the circumstances of this case, it cannot be said that, as a matter of law, the court below clearly abused its discretion in opening the default judgment.

Order affirmed.