Brown & Bigelow, Inc., Appellant, *v.* Borish.

Argued March 23, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Albert M. Hankin,* with him *Norman H. Abrahamson* and *Meyer, Lasch, Hankin & Poul,* for appellant.

*Benjamin A. Katz,* for appellee.

OPINION BY FINE, J., July 15, 1949:

This appeal is from an order of the court below making absolute a rule to open a judgment entered for want of an answer. The appellant company, Brown & Bigelow, complains, *inter alia,* that Honey Borish, apellee, failed to set forth a valid and meritorious defense in support of his rule and because of that default and of laches the court erred in granting the prayer to open.

Appellant instituted suit in assumpsit for the price of goods sold and delivered to appellee pursuant to a written agreement and a complaint was served on February 24, 1948. On March 24, 1948, judgment for want of an answer was entered in the amount of $216.93 and on March 29, 1948, a *fi fa* was issued and a levy was made pursuant thereto. Appellee filed an exemption claim and the personal property levied upon was appraised. On August 12, 1948, four days prior to the sheriff's sale, appellee filed his petition to open and a rule to show cause was granted forthwith. Appellant filed an answer to the petition to open denying all the material averments, and subsequently depositions of the appellee were taken and filed.

While proceedings to open judgments by default are addressed to the sound discretion of the trial judge and

are essentially equitable in nature and ruled by equitable principles, *Oppenheimer v. Shapiro,* 163 Pa. Superior Ct. 185, 188, 60 A. 2d 337, the exercise of this discretion must be based on competent evidence, *Silent Auto. Corp. v. Folk,* 97 Pa. Superior Ct. 588, 591. The petition to open must not only allege a meritorious defense (*State Camp v. Kelley,* 267 Pa. 49, 56, 110 A. 339; *Commonwealth v. Moeschlin,* 314 Pa. 34, 35, 170 A. 119), but such defense must be set forth in precise, specific, clear and unmistakable terms. *Noll v. Corp. of the Royal Exchange Assurance,* 76 Pa. Superior Ct. 510, 515.

It is the uniform practice of the courts to open judgments entered by default as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered and a defense shown on the merits. The petition and answer comprise the pleadings and relief is granted only upon the grounds embraced therein: *Fuel City Mfg. Co. v. Waynesburg P. C.,* 268 Pa. 441, 112 A. 145. "An application to open a judgment is also equitable in substance and must rest on a meritorious, and not on a mere technical, defense. State Camp of Pennsylvania of the Patriotic Order, Sons of America v. Kelley et al., 267 Pa. 49, 56, 110 A. 339. It is the general rule that on appeal this court determines only whether the discretion has been abused. Mielcuszny et ux. v. Rosol et ux., 317 Pa. 91, 93, 176 A. 236. An abuse of discretion is not merely an error of judgment, but, if, in reaching a conclusion, the law is overridden or misapplied, discretion is abused. Adelman v. John McShain, Inc., 148 Pa. Superior Ct. 138, 141, 24 A. 2d 703. But, so far as the case turns upon legal questions and deductions from facts, it comes before us for review upon the merits rather than to see if the chancellor has properly exercised his discretion. (citing cases)": *Richey v. Gibboney,* 154 Pa. Superior Ct. 1, 5, 6, 34 A. 2d 913.

Appellee averred in his petition that because of illness of his attorney, judgment was secured for want of an answer and that he has a defense to the claim because the appellant ". . . failed to comply with the terms and conditions of the true written agreement between the parties . . ." inasmuch as delivery of the merchandise was offered weeks after the stipulated and agreed time. The averments were denied in appellant's answer and dismissal of the petition was requested. Only the depositions of Honey Borish were taken and these were offered to rebut any inference of his own neglect in suffering a default judgment for want of an answer to plaintiff's complaint, and to avoid the penalty of laches on this motion to open. Where the material allegations of the petition to open are effectively denied it is incumbent upon the petitioner to support his position by proof that is clear and explicit: *Fish v. Kaye,* 134 Pa. Superior Ct. 49, 4 A. 2d 190. Appellee's averments in his purported answer to the complaint are general, evasive, uncertain and inconclusive. The contract sued upon provided for delivery "on or about" a certain date. Careful scrutiny of the depositions discloses nothing upon which to base a determination that such contractual provision was not complied with; it is utterly devoid of any meritorious defense. Had an answer, alleging only such facts as averred in the petition to open, been filed in time it would have been wholly insufficient to prevent judgment: *Hamilton v. Sechrist,* 142 Pa. Superior Ct. 354, 16 A. 2d 671; *Silent Auto. Corp. v. Folk,* 97 Pa. Superior Ct. 588, supra.

A just, sufficient and valid defense to the original cause of action stated in clear and unmistakable terms is a prerequisite to opening the judgment. "It is not equitable to open a judgment and require a trial to get back the judgment . . .": *Noll v. Corp. of the Royal Exchange Assurance,* 76 Pa. Superior Ct. 510, 515, supra.

Appellee makes much ado about the death of his attorney who had been retained to conduct the defense of this claim and interposes that fact as the reason why no answer was seasonably filed. Had a valid and meritorious defense on the merits been presented, as was clearly required, such death might have been a proper inducing consideration for the court below to have opened the judgment but it does not, of course, obviate the necessity of presenting a just and sufficient defense.

Although appellee encountered less difficulty in offering an excuse or explanation for the default judgment, it seems to us he shouldered a submerging burden to escape the penalty of laches on account of the lateness of his application to open that judgment. He permitted the appellant to expend costs and time in issuing a *fi fa*, appraising the assets and advertising the sale several months after his attorney's death without taking any action. Moreover, he filed an exemption claim in recognition of the judgment and levy. Cf. *Skrynski v. Novak*, 26 Luz. Leg. Reg. 415. A judgment will not be opened where sufficient excuse for failure to act promptly is not presented and sufficient defense to the action is not set forth: *Page v. Patterson*, 105 Pa. Superior Ct. 438, 440, 161 A. 878. The appellee has failed in both respects. In these circumstances, plaintiff is entitled to its judgment.

We have made a careful examination of the entire record and are of the opinion that the learned court below erred in opening the judgment entered for want of an answer.

Order reversed.