Concurring Opinion by
Hoffman, J.:
Appellants, Charles Zubritsky and Berman Leasing Company, eontend that the Court of Common Pleas of Chester County erred in refusing to open a default judgment taken against them in a trespass action filed by the appellee, Edward Retzbach. TMs action in trespass arose out of a collision between the appellee’s automobile and a tractor-trailer owned by appellant Berman and driven by appellant Zubritsky. The collision took place on February 20, 1968. Appellant Berman’s insurance carrier entered into negotiations with the appellee’s attorney for the purpose of settling the claim. The exact date of when these negotiations began is in dispute, but the attempt at settlement reached an impasse at the end of July, 1970. During the course of these settlement talks, the appellee instituted suit against the appellants by filing a Praecipe for Writ of Summons in Trespass on February 18, 1970. Appellant Zubritsky was served with a copy of the summons on February 19, 1970, but the Sheriff was unable to locate and serve appellant Berman. The Secretary of the Commonwealth, however, was served on February 20,1970.
The appellee filed a complaint in trespass on October 26,1970. Both appellants and the Secretary of the *525 Commonwealth were served with a copy of the complaint in late October or early November. When Zubritsky received the complaint, he contacted the appellee’s attorney both by telephone and by mail on November 3, 1970. Zubritsky informed appellee’s counsel that he was not represented by an attorney and that he had been hospitalized for a period of two weeks. Appellee’s counsel advised Zubritsky to forward everything to Berman. In response to this advice, Zubritsky contacted Berman and forwarded all the information to his co-defendant.
On December 17, 1970, the appellee notified both appellants by mail that a default judgment would be taken in ten days. Upon receiving this letter on December 21st, Parsons, assistant manager of Berman’s insurance department, informed appellee’s counsel that he had not seen the complaint prior to December 21st even though Berman Leasing had received the complaint more than a month earlier. Parsons asseided that he understood that no action would be taken by appellee if Berman immediately forwarded the complaint to its insurance carrier. Appellee emphatically denies that Parsons was assured that no default judgment would be taken, but admits saying that no harm would befall the appellants if they acted immediately to prevent the default judgment. Two days later, Zubritsky notified Berman Leasing that the appellee had notified him that a default judgment would be taken.
Appellee filed a Praecipe for Judgment by Default on January 12, 1971. After learning that the default judgment had been entered, Parsons contacted appellee’s counsel on January 15, 1971 and discovered that he had misunderstood appellee with respect to appellee’s intent to take a default judgment. As of that date, Parsons still had not forwarded the complaint to Berman’s insurance carrier.
*526 A petition to open the default judgment alleging that the complaint had been mislaid during a complete reorganization of Berman’s filing system was filed on January 29, 1971. No evidence was introduced at the hearing to open the default judgment to establish that the complaint had been mislaid.
A default judgment will not be opened unless the petitioner satisfies three requirements: (1) a petition to open the default judgment must be filed promptly, (2) the petition must satisfactorily explain the moving party’s failure to act prior to the entry of the default judgment, and (3) the petition need not set forth a defense to the original action in trespass, but the court should consider the existence of such a defense where the other equities are unclear. Kraynick v. Hertz, 443 Pa. 105, 109, 277 A. 2d 144 (1971); Balk v. Ford Motor Company, 446 Pa. 137, 140, 285 A. 2d 128 (1971).
In meeting these requirements, the petitioner must support his position with clear and sufficient proof where the material allegations in the petition to open are effectively denied. Brown & Bigelow v. Borish, 165 Pa. Superior Ct. 308, 311, 67 A. 2d 823 (1949); Johnson v. Leffring, 211 Pa. Superior Ct. 84, 87, 235 A. 2d 435 (1967). In the instant matter, the appellee emphatically denied the allegations which the appellants set forth in their petition to open. Appellant Berman did not satisfactorily explain his failure to act prior to the entry of the default judgment. Although Berman had more than two months to respond to the appellee’s complaint, Berman took no action whatsoever and ignored the warning of December 21, 1970. On January 15,1971, Berman still had not forwarded the complaint to either its attorney or its insurance carrier. If Berman had been able to establish that the complaint had been mislaid, this still might not have been sufficient reason to excuse Berman’s failure to act. “When the *527 burdens of making a profit become too heavy . .. strong arguments favor holding an enterprise accountable as a cost of its doing business.” Balk v. Ford Motor Company, supra at 446 Pa. 143.[1]
This court will not reverse the lower court’s decision on whether or not to open a default judgment unless the trial judge abused his discretion in deciding the issue. Kraynick v. Hertz, supra at 443 Pa. 109. Discretion is abused where the trial judge has disregarded or misapplied the law. Brown & Bigelow v. Borish, supra at 165 Pa. Superior Ct. 310. There has been no abuse of discretion in this case; appellant Berman clearly did not satisfactorily explain his failure to act prior to the entry of judgment.
While appellant Zubritsky is in a different position than appellant Berman, the default judgment should not be opened with respect to Zubritsky. This is not a case where appellee’s counsel lulled Zubritsky into a false sense of security. Good v. Sworob, 420 Pa. 435, 438, 218 A. 2d 240 (1966). When Zubritsky contacted appellee’s attorney in October, he informed appellee’s counsel that he had not retained counsel for himself. Thus, he realized that he should have hired an attorney to represent him. Although Zubritsky forwarded the complaint to Berman as appellee’s counsel directed him to do on November 3, 1970, the letter sent by appellee’s counsel on December 17, 1970, should have put *528 Zubritsky on notice that be could no longer rely on Berman to protect bis interests. Nevertheless, Zubritsky never retained counsel; be continued to rely solely on Berman to protect bis interests even after tbe default judgment was entered.[2]
I, therefore, concur in tbe affirmance of tbe trial court’s refusal to open these default judgments.
Spaulding, J., joins in this concurring opinion.

 Although the default judgment granted In Balk was opened, that case is distinguishable from the instant matter. In Balk, the defendant’s insurance company mislaid the court papers. Since the defendant had made a good faith effort to comply with the rules of law, he was not penalized for his insurer’s mistake. Berman, however, did not prove that the papers had been mislaid, nor did Berman make any effort to answer the complaint after learning that a default judgment was imminent. One must also note that the defendant in Balk established that it had not sold the defective automobile as charged in the complaint.

 The instant matter is distinguishable from Good v. Sworob, supra, and Kraynick v. Hertz, supra. In Good, the parties were in the process of settling the dispute. On the first day on which the default judgment could have been taken, the plaintiff entered the default judgment one minute before the Prothonotary normally opens for business. The plaintiff never notified the defendant of his intent to take a default as the appellee’s attorney did in the instant matter. Thus, not only did the plaintiff in Good lull the defendant into a false sense of security by a series of negotiations, but the plaintiff apparently made a studied attempt to secure a default judgment. Fox v. Mellon, 438 Pa. 364, 367, 264 A. 2d 623 (1970).
In Kraynick, when the plaintiff’s first attorney died during settlement negotiations, the plaintiff informed the defendant’s insurance adjuster that he would have his new counsel contact the adjuster. The new attorney never contacted the adjuster. The adjuster, however, phoned the new attorney eight days before the default judgment was taken and left word for the attorney to return his call. The new attorney failed to return the call and proceeded to take the judgment on the 21st day after the service of the complaint. Unlike the instant matter, this was a deliberate attempt to obtain a default judgment where the plaintiff lulled the defendant into a false sense of security.