## Bateman v. The Grand Fraternity, Appellant.

*Beneficial societies—Affidavit of defense—Misrepresentation as to health.*
In an action against a beneficial society to recover death benefits, an affidavit of defense is insufficient which avers that the member secured his membership by false representations, to wit: that he was in perfect health, while in point of fact at the time he made his application he well knew that he was not in good health. The affidavit should set forth the representations as to health and wherein they were untrue.

In an action against a beneficial society to recover death benefits where it appears that the benefit certificate was void under the constitution, if the member came to his death while residing without the consent of the association, outside of certain parallels of latitude, an affidavit of defense is sufficient which avers that the deceased member died while residing south of a parallel of latitude mentioned in the constitution, and that he resided there at that time without the consent of the society.

Argued Oct. 23, 1901. Appeal, No. 139, Oct. T., 1901, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 845, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Mary J. Bateman v. The Grand Fraternity. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for death benefits.

The affidavit of defense was as follows:

Deponent states that Mathew R. Bateman obtained and secured his membership in the defendant association by false and fraudulent representations as to and concerning his physical health, to wit: he represented and pretended that he was in perfect physical health, while in point of fact, at the time when he made his application for membership he well knew he was not in good health, and that if he had told the truth, he would

.not have been admitted to membership in the defendant association; that he perpetrated a fraud upon the said society defendants, and that he knew at the time he made the representations that they were wholly untrue; that if the defendants had known the truth the said application would have been rejected, and the said Mathew R. Bateman would not have been accepted as a member of The Grand Fraternity.

Deponent further says that the said Mathew R. Bateman, without the knowledge or consent of the president of the said defendant society, removed his residence south of the thirty-third parallel of north latitude, and was residing south of the said thirty-third parallel of north latitude at the time of his death, on June 24, 1900.

Deponent further says that under the provisions of article 11, section 9 of the constitution of The Grand Fraternity, referred to by plaintiff in her said statement of claim, a copy of which constitution is hereto attached and hereby made part of this affidavit of defense, he, the said Mathew R. Bateman, by reason of his said change of residence as aforesaid, thereby forfeited on behalf of himself and the said plaintiff his beneficiary, all right to any benefit from The Grand Fraternity, and his said cerificate of membership, under which the said plaintiff claims, was absolutely null and void at and before the death of the said Mathew R. Bateman, on June 24, 1900, and the said plaintiff is not, therefore, entitled to recover.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*George Bradford Carr*, for appellant, cited: Hamill v. Royal Arcanum, 152 Pa. 537; Wall v. Royal Society of Good Fellows, 179 Pa. 355; Commonwealth Mut. Fire Ins. Co. v. Huntzinger, 98 Pa. 41; United Brethren Mutual Aid Society v. White, 100 Pa. 12; Blooming Grove Mut. Fire Ins. Co. v. McAnerney, 102 Pa. 335; Home Mut. Life Assn. v. Gillespie, 110 Pa. 84; Hoffman v. Foster & Co., 43 Pa. 187; Ehrisman v. Roberts, 68 Pa. 308; Shannon v. Com., 8 S. & R. 444; Graham v. Smith, 25 Pa. 323; Byles on Bills, 224; Phelan v. Moss, 67 Pa. 59; Hutchinson v. Boggs, 28 Pa. 294.

*E. Aug. Miller*, for appellee, cited: Blanton v. Craven, 173 Pa. 374; Hale v. Equitable Aid Union, 168 Pa. 377; Terry v. Wenderoth, 147 Pa. 519; Silk v. Mutual Reserve Fund Life Assn., 159 Pa. 626; Cumberland Valley Mutual Protection Co. v. Mitchell, 48 Pa. 374.

OPINION BY BEAVER, J., November 11, 1901:

The affidavit of defense, which was held insufficient to prevent judgment in the court below, consists of two distinct allegations:

1. That the member of the defendant fraternity, as whose beneficiary the plaintiff claims in this suit, "secured his membership in the defendant association by false and fraudulent representations as to and concerning his physical health, to wit: he represented and pretended that he was in perfect physical health, while in point of fact at the time he made his application for membership he well knew he was not in good health and that, if he had told the truth, he would not have been admitted to membership in the defendant association." This is very vague and indefinite. What were the representations as to health and wherein were they untrue? The variance between the representations and the facts should have been fully and particularly set forth. It is clear that in this respect the affidavit is insufficient.

2. The plaintiff in her statement bases her claim upon the first section of the tenth article of the constitution of the defendant association, which is set out in full. The tenth section of the same article provides that "if the frater came to his death while residing north of the fiftieth or south of the thirty-third parallel of north latitude . . . . without the previous consent in writing of the president, coupled with such conditions as he may have prescribed, etc., the annuity or other benefit certificate or certificates issued to him shall be absolutely null and void." The affidavit distinctly alleges "that the said Matthew R. Bateman, without the knowledge or consent of the president of the said defendant society, removed his residence south of the thirty-third parallel of north latitude and was residing south of the said thirty-third parallel of north latitude at the time of his death on June 24, 1900." Here is a distinct statement of a fact which, if true and unexplained, must defeat

the plaintiff's claim.   Why then is it not sufficient to prevent judgment?   The plaintiff suggests several explanations, any one of which, if made good by proof, may be sufficient to justify a recovery, such as the addition of the residence clause in the constitution, after Bateman became a member, provided the association had no authority to make such an addition, the waiver of that clause by the association by the acceptance of dues after his removal south of the thirty-third parallel, with knowledge of the fact of removal, etc.   But these answers will constitute the plaintiff's rebuttal.   The defendant was not bound to anticipate them.   Taking the record as it stands, we think the defendant has stated in express terms a defense which ought to bar the entry of judgment upon the plaintiff's statement of claim.   Judgment reversed and a procedendo awarded.