# Leves *v.* National Slavonic Society of the United States of America, Appellant.

*Beneficial societies — Wife — Death benefits — Misrepresentations — Affidavit of defense.*

In an action against a beneficial society to recover death benefits, where the statement of claim avers that the plaintiff was the wife of the deceased member, designated by him as beneficiary, and that he died in good standing, an affidavit of defense is insufficient which merely avers that the plaintiff was not the legal wife of the deceased, and that his legal wife was living in Hungary, without, however, naming her; that the deceased had entered the society by fraud, and by misrepresenting facts, without stating what such facts were; and that he had not led a moral and honorable life as was required of him by the by-laws, without, however, stating any facts from which the court could infer that he had led an immoral life.

Argued April 17, 1913. Appeal, No. 54, April T., 1913, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1911, No. 823, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary Leves v. National Slavonic Society of the United States of America. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover death benefits.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John Kulamer,* for appellant, cited: Hartman v. Keystone Mut. Life & Health Ins. Co., 21 Pa. 466; McCaffery v. Knights & Ladies of Columbia, 213 Pa. 609; Dinan v. Benefit Assn., 201 Pa. 363; Koertz v. Grand Lodge, 119 Wis. 520.

*Charles Gulentz,* for appellee.

OPINION BY PORTER, J., July 16, 1913:

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals. The statement filed by plaintiff averred that her deceased husband, John Leves, was at the time of his death a member in good standing of the defendant society, that in accordance with the rules of the society he had designated his wife, the plaintiff, as the beneficiary to whom should be paid the sum of $900. That plaintiff was the lawful wife and widow of said John Leves, who died at Braznell, Fayette county, Pennsylvania, on or about March 16, 1907; that said sum became due and payable within sixty days after the receipt by the defendant of death and marriage certificates and proof from the local assembly of which the decedent was a member; and that said proofs were furnished to defendant on or about April 21, 1907. The affidavit of defense did not deny that John Leves had, at the time of his death, been recognized by the society as a member in good standing, nor did it assert that he had failed to pay all dues and charges. The affidavit failed to specifically deny any of the averments of plaintiff's statement.

The only grounds of defense alleged against the claim were as follows: (1) "Affidavit avers that the answers to questions contained under heading No. 32 were untrue, and your affiant is informed, verily believes, and therefore avers, that the woman designated in said answers was not the legal wife of John Leves; that at that time his legal wife was living in Hungary."

(2) "Affiant denies that the said John Leves died a member in good standing of the defendant society; and avers that he entered the society by fraud and by misrepresenting facts, which, if known to the defendant society, would have prevented his initiation into the society, in accordance with paragraphs 66 and 67 above cited; that he did not live a moral and honorable life, in violation of paragraphs 2 and 14 of the by-laws above cited."

The first paragraph above quoted from the affidavit is vague, indefinite and evasive. If there was some woman other than this plaintiff who answered the terms by which the decedent designated his beneficiary, it was incumbent on the defendant to state the specific facts. If this plaintiff did not meet the terms of the designation, then the affidavit should have set forth the facts upon that point. If this defendant intended to convey the impression that this plaintiff, the legal wife, was then living in Hungary, and that the decedent was cohabiting with some other woman, at Braznell, why did it not state the facts? It is impossible to ascertain from this affidavit whether this defendant intends to assert that this plaintiff is the legal wife, or that the legal wife was some other woman living in Hungary, while the plaintiff was unlawfully cohabiting with the decedent, as his wife, at Braznell. That this defendant society had in its possession the certificate of marriage between this plaintiff and the decedent is not denied by the affidavit of defense, and must be taken as admitted. The mere assertion that a woman is not the legal wife of a man, amounts to nothing more than, in these circumstances, a conclusion of law. The legality of a marriage cannot be determined without knowledge of the facts, and this defendant ought to have stated the facts. If the defendant was satisfied that there had been no marriage between this plaintiff and the decedent it would have been very easy to say so. If for any reason the marriage was invalid, the defendant should have stated the facts which made it so. As to the assertion that "the answers to questions contained under heading No. 32 were untrue," this paragraph of the answer is equally insufficient. There were a number of questions and answers under heading No. 32, as follows: "Q. Name of your legal wife? A. Mary Leves. Q. How old is she? A. 29 years. Q. Are you legally married to her? A. Yes. Q. Is she healthy? A. Yes. Q. Where does she live? A. Braznell, Pa." There were other questions and answers which it is not necessary to repeat. The affidavit

fails to definitely state which one or how many of these answers were untrue; whether as to the age of his wife, the condition of her health, or the place of her residence. The affidavit should have distinctly stated which of the statements, if any, were untrue, and in what respect. The court would then have been able to determine whether or not the statement was material to the risk: McCaffrey v. Knights of Columbia, 213 Pa. 609.

The second paragraph of the affidavit above quoted is equally defective. It avers that the decedent entered the society by fraud and by misrepresenting facts, but it absolutely fails to disclose in what the fraud and misrepresentation consisted. While boldly asserting that the deceased did not live a moral and honorable life, it discreetly remained silent as to the character of his immoral and dishonorable conduct; not averring a single act or word of the decedent to support the assertion.

The judgment is affirmed.