## Harkins *v.* Pennsylvania Mutual Life Insurance Co., Appellant.

*Insurance—Life insurance—Affidavit of defense—Averments as to health.*

When a policy of life insurance is issued upon the faith of misrepresentations as to material facts, which the insured knows to be untrue, the insurer may defend upon that ground; but in order to prevent judgment it is necessary that the affidavit of defense shall not only aver that there has been misrepresentations, but must state the facts. The variance between the representations and the facts should be fully set forth.

Where a policy of life insurance is sued upon, and the application containing various averments as to health, is attached to the policy, an affidavit of defense is insufficient, which merely avers that the insured "made false and untrue statements in her said application, as to being in sound health, as to statements concerning attending physicians, and as to previous condition of health."

262 HARKINS v. PA. MUT. LIFE INS. CO., Appellant.

Argued March 7, 1917. Appeal, No. 47, March T., 1917, by defendant, from order of C. P. Luzerne Co., Nov. T., 1916, No. 531, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary Harkins v. Pennsylvania Mutual Life Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of life insurance.

From the record it appeared that the application which was attached to the policy contained numerous representations as to health. The affidavit of defense without averring any specific misrepresentations as to health averred generally as follows:

"The defendant is informed and believes that the said insured, Sarah McGinley, made false and untrue statements in her said applications in the declarations above set forth, to wit: as to being in sound health, as to statements concerning attending physicians, and as to previous condition of health."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Richard T. McSorley* and *Francis A. McGuigan,* for appellant.—The affidavit set up a good defense: Manufacturers, Etc., Co. v. Holton, 22 Pa. Superior Ct. 120; Williams v. Prudential Ins. Co., 52 Pitts. Leg. Journ. 12; U. B. Mut. Aid Soc. v. O'Hara, 120 Pa. 256; Rigby v. Metropolitan Ins. Co., 248 Pa. 351.

*M. F. McDonald,* for appellee.—The affidavit was insufficient: Bateman v. The Grand Fraternity, 18 Pa. Superior Ct. 385; McCaffrey v. Knights and Ladies of Columbia, 213 Pa. 609; Wakely v. Sun Ins. Office of London, 246 Pa. 268; Leves v. Natl. Slavonic Society, 54 Pa. Superior Ct. 201.

OPINION BY PORTER, J., July 13, 1917:

This is an appeal from a judgment of the court below entered for want of a sufficient affidavit of defense. The plaintiff filed a statement divided into numbered paragraphs, as required by the Act of May 14, 1915, P. L. 483, called the "Practice Act of 1915," as to the sufficiency of which no question is raised. The sufficiency of the affidavit of defense is to be determined by consideration of the entire instrument and not by the reply to any one particular paragraph of the statement. The policy upon which this action is brought had been issued upon the life of Sarah McGinley, who had in her application made the usual statements as to the condition of her health, that she had not suffered from certain diseases, when she had been attended by a physician and other matters relating to her history and habits. The application was attached to the policy and the statements therein contained were warranted to be true.

The only suggestion of a defense to the action contained in the affidavit was in the following words, viz: "The defendant is informed and believes that the said insured, Sarah McGinley, made false and untrue statements in her said applications in the declarations above set forth, to wit: as to being in sound health, as to statements concerning attending physicians, and as to previous condition of health." The false statements were alleged to have been made in the applications. The applications contained many distinct representations as to the health of the insured and the attendance of physicians, and each of the distinct representations, was under the covenants of the applications and the policy, a warranty. These warranties related to facts in the past history of the insured. The defense attempted to be set up was that the policy was invalid because of a breach of the warranties contained in the application upon which it issued. When a policy is issued upon the faith of misrepresentations as to material facts, which the insured knows to be untrue, the insurer may defend upon that

ground, but in order to prevent judgment, it is necessary that the affidavit of defense shall not only aver that there has been misrepresentation but must state the facts. The variance between the representations and the facts should be fully set forth: Bateman v. The Grand Fraternity, 18 Pa. Superior Ct. 385; Wakely v. Sun Insurance Office of London, 246 Pa. 268; Leves v. National Slavonic Society, 54 Pa. Superior Ct. 201. The same principles must apply in cases in which there is a warranty as to the facts, the only distinction being that, if the representation be material, a breach of the warranty is a defense to the action, although the insured may not have known of the existence of the fact against which he warranted. In such a case it is not sufficient for the defendant to allege that there has been a breach of the warranty, it must go further and state the facts relied upon to constitute the breach.

The judgment is affirmed.