# Noll, Appellant, v. Corporation of the Royal Exchange Assurance.

*Practice, C. P.—Judgment—Rule to open—Requirements—Construction of affidavit of defense—Agents—Breach of duty.*

On a rule to open a judgment taken for want of an affidavit of defense it was error to open the judgment where the only reason assigned for failure to file the affidavit was that the defendant's agent did not know that a judgment might be entered before the return day.

It would not be equitable to require a plaintiff who did nothing to mislead the defendant to sacrifice his judgment because of a breach of duty to the defendant by his own agent.

Nor is it equitable to open a judgment where the defendant has not stated a defense in clear and unmistakable terms. The affidavit of defense should bear critical examination and an evasive, uncertain and inconclusive affidavit, containing only general denials is not sufficient to require an opening of the judgment.

Argued March 15, 1921. Appeal, No. 13, March T., 1921, by plaintiff, from judgment of C. P. York County, April T., 1920, No. 11, making absolute rule to open judgment in the case of Edward F. Noll v. The Corporation of the Royal Exchange Assurance of London, England. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Rule to open judgment. Before WANNER, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule to open judgment. Plaintiff appealed.

*Error assigned* was the order of the court.

*W. F. B\ay Stewart,* and with him *Frederick B. Gerber,* for appellant.—The discretion of courts to open judgments is extensive, but must rest upon competent evidence: Woods v. Irwin, 141 Pa. 278; Emademe v. Weadick, 69 Pa. Superior Ct. 369. A judgment will not be opened on an affidavit insufficient to prevent judgment: American Malting Co. v. Anthracite Brewing Co., 250 Pa. 462. The affidavit is insufficient because contradictory, evasive, vague and incomplete: Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43; Mintz v. Tri-County Nat. Gas Co., 259 Pa. 477; Harkins v. Pa. Mutual Life Ins. Co., 67 Pa. Superior Ct. 261; Yeier v. Hanover Fire Ins. Co., 63 Pa. Superior Ct. 258.

*H. C. Niles,* of *Niles & Neff,* for appellee.—Rules relating to judgment and judgment by default are to be administered equitably that rights may be determined upon the facts and law applicable: American Mfg. Co. v. S. Morgan Smith Co., 28 Pa. Superior Ct. 124.

OPINION BY LINN, J., April 18, 1921:

Plaintiff brought suit for the amount of an insurance policy covering a one-story building and contents al-

Opinion of the Court. [76 Pa. Superior Ct.

leged to have been destroyed by fire. He obtained judgment for want of an affidavit of defense. The judgment was opened and defendant was permitted to file an affidavit of defense and this appeal followed.

The equitable principles governing the decision of such rule have recently been stated in Fuel City Mfg. Co. v. Waynesburg Products Corporation, 268 Pa. 441. Appellant contends that the learned court below misapplied them in his case. The matter was heard on petition and answer. It was the petition of counsel for defendant. The single reason assigned in that petition to deprive the plaintiff of his judgment is stated as follows: "Your petitioner is informed and believes that the agent to whom the summons and the plaintiff's statement of claim was sent by the insurance commissioner of Pennsylvania was misled by the requirement of the summons that the defendant should appear before your honorable court on the first Monday of February, 1920, to answer Edward F. Noll of a plea of assumpsit, and was not informed of the decision of the Supreme Court in Beishline v. Kahn, May 21, 1919, published November 14, 1919, in the Advance Reports, 265 Pa. 101, that under the Act of May 14, 1915, P. L. 483, a judgment may be entered against defendant for want of an affidavit of defense before the return day of the summons." The petition averred no other ground of interference; contained no suggestion that the court was without jurisdiction of the defendant, and indicated no irregularity in the record. A general appearance for defendant was entered: Miller v. Warden, Frew & Co., 111 Pa. 300, 307; Jeannette Borough v. Roehme, 197 Pa. 230. The learned court filed an opinion containing the following: "The only material delay was that of the defendant in retaining counsel. But it is explained that this resulted from a mistaken supposition on the part of its agent to whom the copies of the writ and statement were sent by the insurance commissioner, that no action was necessary by the defendant until after the return day of the writ."

The record shows that the writ issued on January 7, 1920. Two days later the writ and a statement of claim were filed with the prothonotary, each paper having endorsed on it an acceptance of service thereof on behalf of Royal Exchange Assurance of London, England, on January 8, 1920, at 9 : 30 a. m. by Thomas B. Donaldson, insurance commissioner. The statement of claim had endorsed upon it the notice specified in the Practice Act of 1915, requiring an affidavit of defense within fifteen days after service. On January 31, 1920, judgment was entered for want of an affidavit of defense (not for want of a sufficient affidavit as the opinion of the court below inadvertently states). The petition for a rule to open was filed on February 9, 1920. Attached to it was a draft of an affidavit of defense which defendant asked leave to file. That affidavit was so obviously defective in not containing the required explanation why it was made by an agent (Wakely v. Ins. Co., 246 Pa. 268, 274) that on April 20th a motion was made and allowed to amend by adding such affidavit. In October, 1920, the judgment was opened and the affidavit of defense was filed.

Counsel's petition to open sets forth that he was retained on January 27, 1920, by one Monrose, described as manager of a New York corporation engaged in adjusting losses for fire insurance companies, among them defendant, and that he received from Monrose certain information concerning the destruction of the property insured as well as other property also covered by insurance policies on which suit had been brought by the same plaintiff against other companies. It was not until January 31, 1920, that counsel learned of this suit. While Monrose instructed counsel concerning other suits, then pending, he omitted to advise particularly of this suit, and it is obvious from the record that he did not furnish counsel with copies of process issued in this suit until after judgment had been entered. The court below (1) holding that the delay was excusable, (2)

apparently concluding that the proposed affidavit stated a good defense to the whole claim, and (3) considering that certain matters relating to the acceptance of process by the insurance commissioner should have weight in the decision, made the rule absolute. We all agree that proper application of equitable principles requires that the order be reversed.

1. The defendant is a foreign insurance company and presumably had designated the insurance commissioner to be its attorney to receive service of legal process, pursuant to the Act of June 1, 1915, P. L. 653, for no question on that subject was raised in the petition. The petition shows that the New York corporation of which Monrose is manager, is the agent of the defendant for the defense of this suit; it also indicates that the company had an agent "to whom the summons and the plaintiff's statement of claim was sent by the insurance commissioner of Pennsylvania"; (section 2 of the Act of June 1, 1915, P. L. 653). The record, therefore shows that between the defendant and the retaining of counsel there was at least one agent and perhaps two (excluding the insurance commissioner). It appears that between January 27th, when Monrose retained counsel, and January 31st, when defendant's counsel learned from plaintiff's counsel that the record in this case was ripe for judgment, defendant's agent had not yet caused its counsel to be supplied with the papers in the suit, for of course if he had been furnished with them prior to January 31st he would have observed the possibility that judgment for want of an affidavit of defense might be taken and would doubtless have arranged to prevent it. It is therefore clear that if defendant sustained any hardship by the entry of this judgment, it is directly due to the apparent breach of duty of its agent or agents. Its counsel is in no sense responsible for the delay and the court below has so found. The cases in which judgments by default resulting from oversight of counsel have been opened (such as Fuel City Mfg. Co. v. Waynes-

burg, etc., Co., supra) afford no justification for opening this judgment, for the administration of justice may require that a defendant who must act by an officer of the court should not suffer for the oversight of such officer, and that it is equitable to relieve against such oversight of counsel but this defendant was not compelled to seek its agents to perform the duties overlooked in this case among any such restricted class, and it would obviously not be equitable to require the plaintiff who did nothing whatever to mislead the defendant, or its agents, to sacrifice his judgment to satisfy the consequences of the breach of duty owing by defendant's agent to the defendant: Yeier v. Ins. Co. (No. 2), 63 Pa. Superior Ct. 264.

2. Without discussing the matter, the learned court below apparently assumed that the proposed affidavit stated a good and complete defense. Counsel for appellee say nothing on the subject in their argument. Counsel for appellant declare it to be insufficient. It is not equitable to open a judgment and require a trial to get back the judgment where defendant has not stated a defense in clear and unmistakable terms. Yet no such defense has been stated here. The affidavit is evasive, uncertain and inconclusive. As it has been amended once, we assume that it now contains the strongest possible statement defendant can put in. One paragraph denies any and all liability but specifies no reason for that general denial, and of course it amounts to nothing. There is also a general denial of the averment that an accidental fire destroyed the building and contents, and while it could not have been the intention to deny that there had been a fire as another paragraph admits there was, we cannot determine whether defendant desires to put in issue the accidental character of the fire or that only part of the property was destroyed. Plaintiff avers that sufficient proofs of loss were filed; the affidavit denies this, stating they were not proper and sufficient, but there is no denial that defendant retained them without objection and

nothing to show that any omitted requirement was not waived: Carpenter v. Ins. Co., 156 Pa. 37.   Plaintiff avers he did everything required of him by the policy; the affidavit denies this generally but does not specify what plaintiff omitted to do.   Another averment in the affidavit states that the value of the property destroyed was less than the value of all the property as alleged in the statement, but at best that suggests only a partial defense, and would not require opening the judgment as a whole.   We must, however, consider the entire instrument: Harkins v. Ins. Co., 67 Pa. Superior Ct. 261, and in so considering it we do not deal with it as we would on a rule for judgment for want of a sufficient affidavit of defense, where the question would be whether there should be a jury trial; for "......where the affidavit is not filed in time, as in the present case, and comes before the court only on a rule to open a judgment regularly entered, the court is entitled to examine the averments critically and to require further evidence as to the facts as in other cases of application to open judgments": Hunter v. Forsyth, 205 Pa. 466, 468.

3. The other matters relating to acceptance of service considered by the court below in its opinion, may be disregarded as irrelevant in this proceeding; there was a general appearance for defendant, and as was said in Carr v. Ætna, etc., Co., 263 Pa. 87, at 93, "......on well-settled principles, only the issues actually raised by the petition and answer are to be considered: Fisher v. King, 153 Pa. 3; Pfaff v. Thomas, 3 Pa. Superior Ct. 419."

The order appealed from is reversed and the record is remanded with instructions to discharge the rule at the costs of appellee.