# Hunter *v.* Forsyth, Appellant.

*Affidavit of defense—Judgment—Opening judgment.*

When an affidavit of defense is filed and its sufficiency is in question, the court must accept it for verity and regard all the facts properly set forth in it as proved. But where the affidavit is not filed in time, and comes before the court only on a rule to open a judgment regularly entered, the court is entitled to examine the averments critically and to require further evidence as to the facts, as in other cases of application to open judgments.

Where in an action on a promissory note judgment was entered for want of an affidavit of defense being filed in time, and defendant procures a rule to open the judgment, and presents the affidavit of defense which he had prepared to file, and this paper is vague and uncertain in its terms, the court will refuse to open the judgment in the absence of depositions or other proof.

*Promissory notes—Revenue stamps—Affidavit of defense.*

In an action upon a promissory note, an averment in the affidavit of defense that " it does not appear from the plaintiff's statement of claim that the note was stamped," is merely an argumentative denial, and is not equivalent to a direct statement that the note was not duly stamped. Such an averment amounts at most to a technical objection to the pleadings, which is not the office of either an affidavit of defense or an affidavit to open a judgment.

Not decided whether an act of congress prohibiting the admission in evidence " in any court" of an unstamped paper applies to state as well as federal courts.

Argued Jan. 14, 1903. Appeal, No. 226, Jan. T., 1902, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1902, No. 3119, discharging rule to open judgment in case of

John B. Hunter, trading as J. B. Hunter & Company v. William F. Forsyth. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule to open judgment.

From the record it appeared that judgment was entered for want of an affidavit of defense on May 16, 1902. Upon the following day defendant filed an affidavit of defense. The defendant subsequently secured a rule to open the judgment, and relied only on the affidavit of defense filed, which was as follows:

Defendant avers that the said note was given by deponent without consideration and was given for accommodation of one Elworth B. Shearer, who was indebted or about to become indebted to the plaintiff. The said note was given to guarantee the indebtedness of said Shearer to the plaintiff; defendant avers that it was well known to said plaintiff that said note was given by defendant for the accommodation of said Shearer; plaintiff knew that the said note was given to guarantee the said Shearer's indebtedness, and that Shearer was to pay the said note; that the defendant was never notified as to the fact or amount of said Shearer's indebtedness and said plaintiff never brought suit against the said Shearer, and has never made any attempt to collect from the said Shearer money which may be due, if any money be due from said Shearer to said plaintiff.

Defendant further avers that the indebtedness, to guarantee which the said note was given, was incurred by the sale and delivery of hardware by said plaintiff to said Shearer; that defendant was induced to sign the said note and guarantee the said indebtedness of said Shearer to said plaintiff upon the faith of representations made to this defendant by the said Shearer, and concurred in by said plaintiff that the actual bona fide amount of the contract or indebtedness of said Shearer to said plaintiff was $1,353.25, viz: the amount of the note upon which suit is brought. Defendant subsequently has ascertained that the said Hunter and said Shearer unlawfully agreed together to add to the said contract or indebtedness of Shearer to said Hunter a certain sum, in fraud of this plaintiff's rights, which

this defendant is informed, believes and avers to be at least ten per centum of the actual bona fide indebtedness of said Shearer to said plaintiff, which fraudulent and fictitious sum being added to the actual indebtedness of said Shearer to said plaintiff makes the sum of $1,353.25 for which the defendant was induced to become a guarantor.

Defendant further avers that the statement of claim filed by the plaintiff is insufficient to support a judgment in this case in this : That it does not appear from the plaintiff's statement of claim filed that the note upon which plaintiff brings this suit was stamped with internal revenue stamps of the United States of America, as required by the act of congress in force on the date of the execution of said note, viz : March 20, 1899 ; that the same not being stamped according to law is, under said act of congress, to be deemed invalid and of no effect.

All of which is true, and defendant expects to be able to prove the same at the trial of the cause.

The court discharged the rule to open the judgment.

*Error assigned* was the order of the court.

*William F. Johnson,* with him *A. L. Lewis,* for appellant.

*H. B. Hodge,* with him *C. R. Woodruff* and *W. D. Neilson,* for appellee.

Per Curiam, May 4, 1903 :

When an affidavit of defense is filed and its sufficiency is in question, the court must accept it for verity and regard all the facts properly set forth in it as proved. But where the affidavit is not filed in time, as in the present case, and comes before the court only on a rule to open a judgment regularly entered, the court is entitled to examine the averments critically and to require further evidence as to the facts, as in other cases of application to open judgments.

The court below was not satisfied that a prima facie defense was sufficiently made out to justify sending this case to a jury. Plaintiff sued on a promissory note of which defendant was the maker. The defense was that defendant was a guarantor for the real debtor, one Shearer, and made the note on the

faith of representations made by Shearer " and concurred in by the plaintiff " that it represented the actual debt of Shearer to plaintiff, but that defendant had " subsequently ascertained that the said Hunter and said Shearer unlawfully agreed together to add to the said contract or indebtedness of Shearer to said Hunter a certain sum, in fraud of this plaintiff's rights, which this defendant is informed, believes and avers to be at least ten per centum of the actual bona fide indebtedness of said Shearer to said plaintiff. It is objected to this affidavit that it is vague, inter alia in not stating whether the debt of Shearer was due at the date of the note or was to be incurred thereafter ; in not stating either the actual debt or the amount added with any certainty, and especially in not averring any representations by plaintiff except inferentially by the use of the word " concurred." For these and perhaps other objections the court did not deem the defense sufficiently made out. It was entitled to satisfactory depositions or further evidence, and we cannot say that there was error in requiring something more than this affidavit.

A further defense is based on the want of a revenue stamp on the note as required by the act of congress of June 13, 1898. It was held in Chartiers, etc., Turnpike Co. v. McNamara, 72 Pa. 278, that the act of congress of 1866, prohibiting the admission in evidence " in any court " of an unstamped paper, applied to state as well as federal courts. That decision was made by a divided court, and has never commanded the general acquiescence of the profession. The decisions in other courts of high authority are against the power of congress to interfere even indirectly with the rules of evidence in state courts. Whether the same construction would now be given to the act of 1898 may therefore be open to doubt. But the question does not arise in the present case, for the affidavit is not that the note was not duly stamped but that " it does not appear from the plaintiff's statement of claim " that it was so stamped. This is merely an argumentative denial, and amounts at most to a technical objection to the pleadings, which is not the office of an affidavit of defense, and still less of an affidavit to open a judgment.

Judgment affirmed.