## Emademe, Appellant, v. Weadick.

*Judgment—Opening judgment—Answer to statement—Default in filing answer.*

Where a statute declares that the defendant "must file" an answer to the plaintiff's claim within ten days of the service of the summons, it places on one sued the necessity of diligence if he would avoid the consequences of a judgment.  Where a judgment is entered after a default in this respect, an alleged verbal understanding between the counsel as to the time when the answer might be filed does not furnish a sufficient ground for opening the judgment; and this is particularly true where the alleged understanding is denied by the defendant.

Argued Oct. 16, 1917.  Appeal, No. 216, Oct. T., 1917, by plaintiff, from order of Municipal Court, Philadelphia Co., April T., 1917, No. 541, making absolute rule to open judgment in case of Virginia L. Emademe, trading as Madame, Lady In Mask, v. Guy Weadick.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assignment of Error—Opinion of the Court. [69 Pa. Superior Ct.

Rule to open judgment.

*Error assigned* was order making absolute rule to open judgment.

Howard E. Heckler, for appellant, cited: Von Schi-
rach v. Vance, 239 Pa. 300; Harris v. Mercur, 202 Pa.
313; Woods v. Irwin, 141 Pa. 278.

*Graham C. Woodward,* with him *Samuel F. Wheeler,*
for appellee, cited: Wernert's App., 91 Pa. 319; Jenkin-
town Nat. Bank's App., 124 Pa. 337; Kelber v. Pitts-
burgh N. Plow Co., 146 Pa. 485; Freeman v. Sanner, 11
Pa. Superior Ct. 42; Spiess v. Mooney, 67 Pa. Superior
Ct. 9.

OPINION BY HENDERSON, J., April 22, 1918:

This case is an appeal from the order of the Municipal
Court making absolute a rule to open a judgment taken
against the defendant for want of an answer and to per-
mit him to make a defense. The summons were served
personally on the defendant April 27, 1917. The judg-
ment was entered May 8, 1917. The application to open
the judgment was made by the defendant's attorney who
alleges that he had a conversation with the plaintiff's at-
torney on the seventh of May, 1917, in which he asked
the latter for an extension of time for filing an answer,
to which the plaintiff's counsel assented, telling him to
take as much time as he wanted. This averment is de-
nied in the answer to the petition for the rule. No depo-
sitions were taken and no opinion was filed by the court.
We may assume, however, that the action of the court
was based on the averment of the parol understanding
between the counsel. Section 12 of the Act of July,
1913, creating the Municipal Court contains the follow-
ing provisions:. "All civil actions in said Municipal
Court shall be begun by filing a statement of the plain-
tiff's claim.......The said clerk shall thereupon issue a

summons under the seal of the court requiring the defendant to appear and file an answer to the plaintiff's claim within ten days after service of the statement upon him. In default of the filing of an answer within ten days the plaintiff may take judgment against the defendant as of course. In order to prevent judgment as aforesaid defendant must file within ten days of the service of the summons and statement upon him as aforesaid an answer which shall consist of a series of numbered paragraphs, etc." Rule 7 (a) of the Municipal Court contains the following provision: "The defendant must file within ten days of the service of the summons and statement upon him an answer." Rule 8 (a) provides that "In all civil actions......wherein an answer has not been filed within the period required by the act of assembly judgments will be entered by the clerk, etc."

The power of the court to regulate the administration of its own rules has been recognized in many cases but this is an exercise of authority to be distinguished from that brought into operation where the procedure is prescribed by statute. The period within which an answer must be filed in the Municipal Court is fixed by the act creating the court. The purpose of the limitation of time is obvious. A chief reason for the establishing of this tribunal was that there might be a more expeditious administration of justice in the class of cases within its jurisdiction and the limiting of the time within which a defendant might exhibit his defense is in harmony with this general purpose. When the statute declares that the defendant "must file" an answer to the plaintiff's claim within ten days of the service of the summons it places on one sued the necessity of diligence if he would avoid the consequences of a judgment. Where a judgment is entered after a default in this respect an alleged verbal understanding between the counsel as to the time when the answer might be filed does not furnish a sufficient ground for opening the judgment and this is particularly true where the understanding is denied

by the defendant. The courts have an extensive discretion with respect to the opening of judgments but as was said in Woods v. Irwin, 141 Pa. 278, this discretion must rest on a foundation of competent evidence. There was neither evidence nor consent so far as appears from the record to support the judgment of the court. Under such circumstances the plaintiff's right to the judgment allowed by the statute ought not to be defeated. The judgment was regularly entered and nothing is presented on the record which sustains the action of the court in opening it.

The order appealed from is reversed and the judgment reinstated.