# Rothkugel, Appellant, *v.* Smith.

*Judgment—Opening judgment—Municipal Court of Philadelphia—Practice, C. P.*

A judgment entered in the Municipal Court of Philadelphia County on the twelfth day after service of statement, for want of an answer within ten days as required by rule of court, cannot be opened on mere petition, without any evidence to support the petition, and without opportunity to file an answer to petition to open the judgment.

It is not a ground for opening such a judgment that the papers in the case had been mixed up with other papers in the office of the attorney for the defendant, and that the notice to answer had been overlooked.

Argued Oct. 16, 1918. Appeal, No. 75, Oct. T., 1918, by plaintiff, from order of Municipal Court, Philadelphia Co., Dec. T., 1917, No. 284, making absolute rule to open judgment in case of Gabriel B. Rothkugel v. Annie E. Smith. Before ORLADY, P. J., PORTER, HEN-

590, (1919).] Assignment of Error—Opinion of the Court.

DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to open judgment. Before WHEELER, J.

*Error assigned* was order making absolute rule to open judgment.

*Aaron Trasoff,* with him *Bernheimer & Sundheim* and *I. Lasker Greenberg,* for appellant, cited: Woods v. Irwin, 141 Pa. 292; Harris v. Mercur, 202 Pa. 313; Emademe's App., 69 Pa. Superior Ct. 367.

No printed brief for appellee.

OPINION BY KEPHART, J., January 3, 1919:

The appellant, on the twelfth day after service of his statement, entered judgment for want of an answer. A petition was then filed by the appellee asking that the judgment be opened and that she be permitted to make a defense. Without evidence to sustain the petition, or without giving the appellant an opportunity to file an answer to the amended petition, the court, on the day the amended petition was filed, ordered the judgment opened and from this order the plaintiff appeals.

Rule 7 of the Municipal Court provides: "The defendant must file within ten days of the service of the summons and the statement upon him, an answer......" And Rule 8 of the same court provides: "In all civil actions......wherein an answer has not been filed within the period required by the act of assembly, judgment will be entered by the clerk,..,..." Section 12 of the act creating the Municipal Court provides that an answer shall be filed within ten days after the service of the statement. This is a statutory direction and must be followed. To have a judgment opened that has been taken by default, there must be sufficient reasons to move the conscience of the judge who sits as a chancel-

lor and convince him that an injustice has been done. No such reason was contained in the appellee's petition. Counsel admitted that the papers had been regularly served and that due notice had been given. The only excuse for the failure to file an answer was that the papers were mixed up with other papers in his office and escaped his notice. This was not enough, and the subsequent agreement, denied by the appellant, did not affect the plaintiff's right to judgment: Emademe v. Weadick, 69 Pa. Superior Ct. 369, fully discusses this subject.

The order of the court below is reversed and the judgment is reinstated.