WAYNE COUNTY PRODUCE COMPANY, Respondent, *v.* DUFFY-MOTT COMPANY, INC., Appellant.

Contract — sale — merchandise bought and paid for at stated price plus war tax — refund by government to seller of amount paid for tax — purchaser entitled to recover from seller the amount thereof.

A purchaser of merchandise, at a fixed price, subject to a stated discount, plus the manufacturer's war tax, which was paid in full without discount, is entitled to recover from the seller the amount paid on account of the tax, where, after the same had been paid to the government, came a ruling of the courts that the merchandise sold was not subject to a tax and the seller demanded and obtained a refund of the taxes thus unlawfully collected. The promise of the buyer was to pay a stated price and put the seller in funds to pay a tax besides. In such a case the failure of the tax reduces to an equivalent extent the obligation of the promise.

*Wayne Co. Produce Co.* v. *Duffy-Mott Co.*, 217 App. Div. 781, affirmed.

(Argued January 18, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 2, 1926, which affirmed a judgment in favor

of plaintiff entered upon an order of Special Term, granting a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*A. S. Gilbert* and *Godfrey Cohen* for appellant.   There is no basis legal or equitable on which to sustain the first cause of action, because the payment was voluntarily made, and if made by mistake then under a mistake of law.   (*Clark* v. *Dutcher*, 9 Cow. 674; *Champlin* v. *Laytin*, 18 Wend. 407; *Lyon* v. *Richmond*, 2 Johns. Ch. 51; *Doll* v. *Earle*, 59 N. Y. 638; *Flynn* v. *Hurd*, 118 N. Y. 19; *Newburgh Sav. Bank* v. *Woodbury*, 173 N. Y. 55; *Knicker-bocker Trust Co.* v. *Oneonta Ry. Co.*, 138 App. Div. 687; 201 N. Y. 379; *Beloff* v. *Dime Sav. Bank*, 118 App. Div. 20; 191 N. Y. 551; *Kastner* v. *Duffy-Mott Co., Inc.*, 125 Misc. Rep. 886; *Heckman & Co.* v. *Dawes & Son Co.*, 12 Fed. Rep. [2d] 154.)

*Edmond B. Butler* and *Francis X. Carmody* for respondent.   Since the tax was paid by the plaintiff to the defendant, the defendant " received this refund to the plaintiff's use. and *ex æquo et bono* should pay it over to the plaintiff." (*Friend* v. *Rosenwald,* 124 App. Div. 226.)

CARDOZO, Ch. J.   Plaintiff bought from the defendant large quantities of sweet cider.   The price was to be 14½ cents per gallon subject to a stated discount, plus the manufacturer's war tax of 10 per cent, which was to be paid in full without discount.   For 157,210 gallons bought between November 8, 1920, and August 13, 1921, the payment was $27,514.55, of which $2,501.33 was for the tax.   Defendant, the manufacturer, after collecting the amount of the tax from the plaintiff, paid it over to the Federal government.   In 1922 came a ruling of the courts that sales of sweet cider were not subject to any tax whatever (*Monroe Cider Vinegar & Fruit Co.* v. *Riordan,* 280

Fed. Rep. 624; *Casey* v. *Sterling Cider Co.*, 294 Fed. Rep. 426). The Treasury Department and manufacturers generally had misconstrued an act of Congress (Internal Revenue Act of February 4, 1919, § 628-A) whereby a tax of ten per cent was levied upon sales of unfermented grape juice and "other soft drinks." Defendant demanded and obtained a refund of the taxes thus unlawfully collected. The question is whether the money thus refunded by the government is held by the defendant to its own use or to the use of the plaintiff who is suing to get the money back.

We think the plaintiff must prevail. This is not a case where the item of the tax is absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annulment of the tax may increase the profit to the seller (*Moore* v. *Des Arts*, 1 N. Y. 359). This is a case where the promise of the buyer is to pay a stated price, and to put the seller in funds for the payment of a tax besides. In such a case the failure of the tax reduces to an equivalent extent the obligation of the promise. The form of the transaction was not thoughtless or accidental. It was deliberate and purposed. The end to be served is conceded in the briefs of counsel. If a sum equal to 10 per cent of the quoted price per gallon had been added to the price as something to be paid at all events, a tax would have been due upon the sum so added as well as upon the residue. A form was adopted whereby the manufacturer was in a position to account to the government at the quoted rate per gallon, and to pay the tax with the excess. The defendant had the benefit of the transaction as thus moulded in its dealings with the government. It is now attempting to set upon the transaction the impress of another quality in its dealings with the plaintiff. We find no evidence in the record to justify the change of front. The quality impressed at the beginning persists until the end.

The contract, therefore, in effect was this and nothing more, that whatever moneys were necessary for the payment of a tax would be furnished by the buyer. Annulment of the tax after the sale and the delivery of an invoice, but before the payment of the price, would have extinguished the seller's right to exact payment from its customer of the added 10 per cent. Payment, if then exacted, would have been no longer payment for a tax, but payment for something else. By the same token, annulment at a later date, when followed by the refund of the tax and the undoing of the whole transaction between the seller and the government, leaves the money applicable to the same use as if the invalidity of the impost had been declared at the beginning.

The argument has been made that such a holding, if accepted, will lead by logical extension to an untenable conclusion. We are asked whether a like remedy would be thought to be available, if the tax were still enforcible and the seller had omitted to make payment to the government. But the situation thus supposed has only a remote analogy to the situation now at hand. The buyer has no interest, while the tax is an outstanding liability, in the application of the money. The controversy in such circumstances is solely between taxpayer and government. The buyer's duty would remain to supply the promised funds whereby the seller could discharge a continuing obligation. Here there is no obligation, either actual or pretended.

We think the judgment for the plaintiff is well sustained by the decisions (*Friend* v. *Rosenwald*, 124 App. Div. 226; *Solomon Tobacco Co.* v. *Cohen*, 184 N. Y. 308, 311). There have been rulings to the contrary (*Heckman & Co.* v. *Dawes & Son Co., Inc.*, Ct. of Appeals, D. C., 12 Fed. Rep. [2d] 154; *Kastner* v. *Duffy-Mott Co.*, App. Term, 125 Misc. Rep. 886). They have their origin, it would seem, in a misconception of the contract. The distinction is unimportant, at least for present purposes, between

mistakes of fact and those of law. The quality of the mistake did not prevent the defendant from recovering the money from the government. It cannot absolve from the duty of disposing of the money thus recovered as good conscience shall dictate.

The documents and the course of dealing establish so clearly the nature of the transaction that there remains nothing to be tried (*O'Meara Co.* v. *Nat. Park Bank of N. Y.*, 239 N. Y. 386).

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed.