From Joseph F. Ogden, Tunkhannock, Pa.

## Zearfoss-Hilliard Lumber Company v. Sacchetti.

*Harry A. Hillyer*, for plaintiff; *Frank P. McCluskey*, for defendant.

STEWART, P. J., Sept. 17, 1928.—This is a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidvait of defense. The record shows that a statement of claim was filed on May 21, 1928. Same day summons was issued, returnable to the second Monday of June, to wit, June 11, 1928. The record shows that plaintiff's statement was served on defendant on May 22, 1928. On June 1, 1926, an affidavit of defense was filed in the prothonotary's office. It was served on plaintiff on June 18, 1928. Same day this rule issued. Whether rule was prior to service of affidavit of defense is immaterial. At time of argument defendant was not in default.

The plaintiff's contention is that it is now entitled to judgment because a copy of the affidavit of defense was not served on it within the time provided

by section 212 of the Rules of Court, nor under the provisions of the Practice Act of May 14, 1915, P. L. 483. The learned counsel for the plaintiff claims that the case is ruled by our opinion in Reading National Bank v. Minnich, 11 D. & C. 280. In that case, we examined the same authorities that are cited in the present case, but that situation differs from the present. There a judgment had been entered, and there was nothing on the record to show that any affidavit of defense had been filed, although, as a matter of fact, it had been left in the prothonotary's office before judgment was entered. In that case, it was not served on the plaintiff until eleven days after the judgment was entered. Here judgment is asked for want of a sufficient affidavit of defense. The learned counsel for the defendant contends that such a rule necessarily presupposes that there is some sort of an affidavit of defense, which, in the judgment of the learned counsel for the plaintiff, is not sufficient. The learned counsel for the plaintiff admits that there is an affidavit of defense, but contends that it is wanting in legal status, because it was not served on him or his client in the proper time. We have re-examined the cases cited in our former opinion. In Luzerne County National Bank v. Stout, 26 Dist. R. 1093, the rule was for judgment for want of a sufficient affidavit of defense. The rule was made absolute. In Wright Wire Co. v. Levi, 28 Dist. R. 795, the rule was for judgment for want of service on the plaintiff within fifteen days. The rule was made absolute. In Glover v. Errich, 30 Dist. R. 720, the rule was for judgment for failure to serve a copy of the affidavit of defense on plaintiff. The court held: "The plaintiff would be entitled to a judgment for want of an affidavit of defense in accordance with the provisions of section 17 of the act, but we can find no authority which authorizes the court to enter a judgment against the defendant for his failure to serve the affidavit of defense." In Seaman v. Mealey et al., 1 D. & C. 146, the rule was for judgment for want of an affidavit of defense. The rule was discharged for the reason that the proper practice would be to move the court to strike the pleading from the record under the provision of section 21 of the Practice Act of 1915. It does not appear when the rule was asked for in that case, but the opinion was handed down on Nov. 14, 1921. Since then the legislature has amended that act by the Act of May 23, 1923, P. L. 325, which provides as follows: "Provided, that such motion to strike from the record any such pleading shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney." That further complicates the situation. We held in the case of Reading National Bank v. Minnich, supra, that the affidavit of defense there filed, but not served on the plaintiff, was a nullity.

Here the affidavit was served and the record is complete except for the delay in service. There is no penalty either in the rule of court or in the act of assembly for delay. As pointed out by Judge Newcomb, the act must be construed to include "both filing and service." See, also, Marlin v. Waters, 127 Pa. 177. It is also true that where judgments are taken by default the courts will open them in proper cases to allow a defense to be put in: Hipple v. Laird, 189 Pa. 472; Hunter v. Forsyth, 205 Pa. 466. We have indicated in Reading National Bank v. Minnich, supra, that if a proper defense were shown we would make such an order. In the present case, the entire argument was upon this question of practice. No attention was paid to the substance of the affidavit of defense by either side. In view of this oversight, we will not pass on the sufficiency of the affidavit, but we do call attention of defendant's counsel to Pennsylvania Builders' Supply Co. v. Larsen, 74 Pitts.

L. J. 247; Community Hotel Co. *v.* Bentzel, 40 York Leg. Record, 109, and suggest that as at present advised we would make the rule absolute for the reason that the affidavit is insufficient.

And now, Sept. 17, 1928, rule to show cause is discharged; leave is granted to reinstate it if argument is desired upon matter last referred to.

From Henry D. Maxwell, Easton, Pa.