KERBER STRAW HAT CORPORATION, Plaintiff, *v.* FREDERIC W. LINCOLN, JOHN R. BRADLEE, CHARLES E. BARRY, HY. C. PIPER and BRANTZ M. BRYAN, Doing Business under the Name of HENRY W. PEABODY & COMPANY, Defendants.

Supreme Court, New York County, May 27, 1929.

*L. Leighton*, for the plaintiff.

*Jaffe & Jaffe*, for the defendants.

PETERS, J.   The contract contained the following language:

" Price:   (N. Y. Funds) $5.60 per dozen duty paid f. o. b. New York

" The selling Price in this order is based on Henry W. Peabody & Company paying present rate duty on present valuation at port of shipment.   Any change in rate or advance or decline in value necessitating a change in the amount of U. S. Duty is for the account of Buyer.

" Terms:   Net 60 days."

The action is to recover the difference between the amount paid by defendant to the government as duty on certain goods purchased by the plaintiff and the amount subsequently held to be the proper amount due the government.   The goods had been delivered and paid for before the handing down of a decision by the United States Custom Court that similar goods should be dutiable at the rate of twenty-five per cent *ad valorem* and not at the rate of thirty-five per cent *ad valorem*, the rate at which the goods in question had

been taxed. Protests had been filed by defendant prior to this decision.

I am of opinion that the effect of this contract was a sale of the goods subject to the payment of the duty by the buyer. The seller, therefore, was acting as plaintiff's agent and the fact that the duty was or will be recovered subsequent to the delivery of and payment for the goods is immaterial. (*Wayne County Produce Co.* v. *Duffy-Mott Co.*, 244 N. Y. 351; *Solomon Tobacco Co.* v. *Cohen*, 184 id. 308.) Where a contract is unambiguous when read in the light of adjudicated cases, no proof of a trade custom can be admitted to vary the contract. (*Slocovich* v. *Orient Mutual Ins. Co.*, 108 N. Y. 56.) The case of *Moore* v. *Des Arts* (1 N. Y. 359) was brought in and decided by a court of equity.

Motion granted, with ten dollars costs. Settle order on two days' notice.