## Planters Nut and Chocolate Company *v.* Brown-Murray Co., Inc., Appellant.

---

240

Argued April 30, 1937.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. I. Simon,* for appellant.

*Oscar T. Taylor,* for appellee.

OPINION BY RHODES, J., July 15, 1937:

This is an action of assumpsit wherein plaintiff seeks to recover the unpaid balance of the purchase price of peanuts sold by plaintiff to defendant. Plaintiff's statement of claim, filed January 29, 1936, and served on defendant February 7, 1936, avers that on February 18, 1935, plaintiff and defendant entered into two written contracts, wherein plaintiff agreed to sell and defendant agreed to purchase 1,375 bags of peanuts at $6.90 per hundred weight; shipment to be made within 90 days after said date, as directed by defendant, upon the terms and conditions set forth in the contract. The two contracts were identical except as to the number of bags of peanuts therein mentioned. Among the terms and conditions of both contracts was the following: "10. If the buyer fails to furnish shipping instructions in accordance with the time for shipment specified on the face of this contract, the seller shall, with respect to the entire contract or unfilled balance thereof, have the option of ...... (2) reselling for account of buyer ......"

Plaintiff also averred that by a custom of the trade a bag of peanuts weighed approximately 90 pounds, that 275 bags made a carload, and that the approximate net weight of a carload was 24,750 pounds. The total price was approximately $8,538.75. Defendant failed to furnish shipping instructions for the delivery of said peanuts, or any part thereof, prior to May 18, 1935, whereupon, on said date, plaintiff placed in storage, for the account of the defendant, five carloads, and mailed to defendant an invoice of each carload, giving the weight thereof and the amount owing by defendant to plaintiff. On June 7, 1935, pursuant to written instructions of defendant and in accordance with an arrange-

ment previously made between the parties, plaintiff shipped and delivered to defendant one carload of peanuts. Having been informed by a letter from defendant that it was necessary to cancel defendant's contracts for peanuts, plaintiff, after notifying defendant to that effect, sold the remaining four carloads for the best prices obtainable, and notified defendant in writing, from time to time, of the sales so made. Plaintiff claims that the entire amount due under the contracts was $8,527.23; that it had received $1,703.75 from defendant, and $6,165.40 from the resales, making a total credit of $7,869.15 due defendant, leaving a balance of $658.08, with interest from August 27, 1935, for which this suit was brought.

On February 13, 1936, defendant filed an affidavit of defense raising questions of law, wherein it averred that copies of the contracts attached to the statement of claim did not show a proper execution by the defendant company so as to bind it, and that the statement of claim failed to disclose that the loss alleged to have been suffered by the plaintiff was established as provided by the Uniform Sales Act. On March 26, 1936, the questions of law so raised were decided against defendant, and it was given leave to file a supplemental affidavit of defense to the averments of fact in the statement of claim within 15 days. No affidavit of defense was filed, and on April 13, 1936, plaintiff entered judgment against defendant for want of such affidavit of defense in the amount of $682.75. On August 19, 1936, defendant filed a petition for a rule upon plaintiff to show cause why the judgment so entered should not be opened. The substance of said petition was that no affidavit of defense had been filed because of an alleged agreement between counsel for the parties that no further action would be taken pending the negotiation of a settlement, and that the entry of judgment was in violation of said agreement. Defendant also averred

that it had a full, complete, and legal defense to all of plaintiff's claim in the nature of a set-off in the sum of $1,237.50. The basis of this set-off was that at the time of the execution of the contracts herein involved, there existed a processing tax of one cent per pound on shelled peanuts, by virtue of an Act of Congress generally referred to as the Agricultural Adjustment Act; that this tax of one cent per pound was added to and included in the contract price; that said act having been declared unconstitutional, in the event that plaintiff had not paid said tax, it was no longer liable to do so, and, consequently, defendant was entitled to a credit to that extent; that if it should appear that plaintiff had actually paid the tax, then plaintiff would be entitled to recover and receive back from the United States Government the tax so paid, and in this event the petitioner would likewise be entitled to credit therefor. The amount of the credit claimed was one cent per pound on 123,750 pounds of shelled peanuts, or all the peanuts included in these contracts, in the amount of $1,237.50.

A rule was accordingly granted on plaintiff, and on August 24, 1936, it filed its answer wherein all the material averments of the petition were denied, and on October 3, 1936, the rule to open judgment was discharged. On October 20, 1936, defendant filed a petition for reargument, wherein, after repeating most of the averments contained in its previous petition for a rule to show cause why the judgment should not be opened, it averred that the record was not sufficient to permit an appeal to the Superior Court, requested a reargument, and asked leave to be permitted to take testimony on certain questions of fact which it alleged arose under the petition and answer. On October 20, 1936, the petition for reargument was refused. Defendant has appealed.

The court below in its opinion refusing petition for reargument has well summarized the disposition of ap-

pellant's petition in the following words: "As already noted, more than four months elapsed after the entry of judgment before defendant took any steps for relief by presenting the proper petition. The burden, in such an application, is upon defendant to prove (1) due diligence, (2) grounds for opening the judgment, and (3) the existence of a meritorious defense. In our judgment the defendant has failed as to all these requirements."

An application to open a judgment is an equitable proceeding, governed by equitable principles, addressed to the sound discretion of the court. On appeal we shall consider only whether the court kept within the bounds of its discretionary power. *Mutual Building and Loan Ass'n of Shenandoah v. Walukiewicz et al.,* 322 Pa. 240, 185 A. 648. No depositions were taken at any stage of these proceedings on behalf of appellant. No affidavit of defense accompanied either the petition to open the judgment or the petition for reargument, although matters of defense were incorporated in the petitions. The material averments of appellant's petitions were denied by plaintiff's answer. As stated in *Rothkugel v. Smith,* 70 Pa. Superior Ct. 590, at page 591: "To have a judgment opened that has been taken by default, there must be sufficient reasons to move the conscience of the judge who sits as a chancellor and convince him that an injustice has been done." It does not appear to us that any injustice has been done to the appellant, or that there has been any abuse of discretion by the court below.

Where there has been a mistake or oversight of counsel resulting in the entry of a judgment by default, after which application to open is promptly made, and reasonable explanation or excuse for the default offered, and a defense shown upon the merits, relief will be granted. *Fuel City Mfg. Co. v. Waynesburg Products Corp.,* 268 Pa. 441, 444, 112 A. 145; *Emademe v. Wead-*

*ick,* 69 Pa. Superior Ct. 369. We are well satisfied that under the circumstances of the instant case appellant is not entitled to the relief sought. The assertion that appellant's counsel and plaintiff's counsel had agreed that the time for filing affidavit of defense would be extended until word had been received from plaintiff on appellant's offer was categorically denied in plaintiff's answer, and it was negatived in appellant's petition itself, wherein a letter from appellant's counsel to plaintiff's counsel was incorporated, the same containing, inter alia, the following statement: "The fifteen (15) day period granted by the Court for filing an Answer on the Merits expires April 10th, 1936; I presume that you will have no objection to extending this period pending receipt of advice from your clients as to their disposition of this offer." As the court below said: "Had there been an agreement as averred there would have been no occasion for *presuming* that there would be no objection to an extension."

In *Emademe v. Weadick,* supra, in an opinion by Judge HENDERSON, this court said, at page 371: "When the statute declares that the defendant 'must file' an answer to the plaintiff's claim within ten days of the service of the summons it places on one sued the necessity of diligence if he would avoid the consequences of a judgment. Where a judgment is entered after a default in this respect an alleged verbal understanding between the counsel as to the time when the answer might be filed does not furnish a sufficient ground for opening the judgment and this is particularly true where the understanding is denied by the defendant."

In dismissing appellant's petition it was proper for the court below to take into consideration rule 43 of the Court of Common Pleas of Allegheny County: "The agreements of the attorneys of this court touching the business of this court shall be in writing, otherwise they will be considered of no validity."

The argument presented on behalf of appellant is devoted principally to the proposition that it has shown a meritorious defense, and that it is therefore entitled to relief. This is not always true. However, the alleged defense set up in appellant's petition is no valid defense at all to plaintiff's action on the merits.

Appellant's statement in its brief that plaintiff was a processor is unwarranted and has no foundation in the record. From the record it does not appear that plaintiff was subject to a tax or that it was a processor. The contracts and invoices show only the price of the merchandise which appellant bought or contracted to buy. A tax was not separately stated in the invoices to appellant, nor did the contracts mention anything about a tax, excepting any sales or excise tax or any government tax passed subsequent to the date of the contracts and increasing the cost of the goods. Such tax or taxes were then to be added to the price as stated in the contract. The contracts provided for the purchase of peanuts at the definite price of 6.9 cents a pound. This price may or may not have included a tax, but it is the price that appellant agreed to pay plaintiff for peanuts.

In *Christopher v. Hoger,* 289 N.Y.S. 105 (Municipal Court of City of New York), there was an action for the return of processing (A.A.A.) taxes collected by defendant, a dealer, from plaintiff's assignor, a baker, after the act creating the tax had been declared unconstitutional by the United States Supreme Court in *United States v. Butler et al.,* 297 U. S. 1, 56 Sup. Ct. 312, 80 L. Ed. 477, 102 A.L.R. 914. The action was dismissed. The opinion of the court reads in part as follows: "The invoices received in evidence show only the price of the merchandise supplied. They do not disclose a tax billed to plaintiff's assignor and collected by defendant in addition to the stated price of the merchandise, since there is no segregation of the tax item on

the invoices. It thus appears that the tax was absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annulment of the tax may increase the profit to the seller. *Wayne County Produce Co. v. Duffy-Mott Co.* [244 N. Y. 351, 155 N. E. 669] ; *Moore v. Des Arts,* 1 N. Y. 359."

The language used by Mr. Justice HOLMES in *Lash's Products Co. v. United States,* 278 U. S. 175, 73 L. Ed. 251, is applicable to appellant's alleged defense in the instant case: "The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all.......The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore, it is part of the price......"

In the recent case of *Casey Jones, Inc., v. Texas Textile Mills, Inc.,* 87 F. (2d) 454, the Circuit Court of Appeals, Fifth Circuit, said in the course of its opinion: "In sales of this kind, if the price agreed upon is understood by the parties to exclude the tax, and the buyer agrees to put the seller in funds for payment thereof, and later the seller is relieved of the duty of paying the tax, the buyer is entitled to recover the amount paid in excess of the price. *Wayne County Produce Co. v. Duffy-Mott Co.,* 244 N. Y. 351, 155 N. E. 669. However, if there be no agreement concerning the tax, no such right accrues to the buyer, even though the price paid includes a tax erroneously believed by the seller to be due. *Lash's Products Co. v. United States,* 278 U. S. 175, 49 S. Ct. 100, 73 L. Ed. 251, citing *Heckman & Co. v. I. S. Dawes & Son Co.,* 56 App. D. C. 213, 12 F. (2d) 154. In the first case the tax is separate and apart from the contract price, while in the latter the tax is said to be buried in the price."

Assignments of error are overruled.

Order is affirmed.