In the Matter of the Assignment of ENGELMEYER BAKING CORPORATION, Assignor, to LOUIS J. NAFTALISON, Assignee, Respondent; STANDARD MILLING COMPANY, Appellant.— Order denying motion of Standard Milling Company for permission to amend its claim for $1,730.78, filed November 25, 1936, so as to reduce it to $1,490.78 by an offset of $240, collected by Standard Milling Company from Engelmeyer Baking Corporation for taxes on goods sold prior to January 6, 1936, which sum was not in fact paid because the taxes were invalidated, and granting cross-motion of Naftalison, assignee of Engelmeyer Baking Corporation, for an order directing Standard Milling Company to pay to him the sum of $240, reversed on the law and the facts, with ten dollars costs and disbursements, the motion of Standard Milling Company granted, and the cross-motion of assignee Naftalison denied, without costs. The Debtor and Creditor Law (§ 13) provides that in all cases of mutual debts or credits between the estate of an assignor and a creditor the amount shall be stated and one debt shall be set off against the other, and the balance only shall be allowed. It further provides for a setoff or counterclaim in favor of a debtor of the assignor where such claim is provable against the estate. The claims which are provable must exist prior to the date of the assignment for the benefit of creditors. Here the assignment was made on October 15, 1936. The moneys paid for processing taxes, which are the subject of a claim for setoff, were paid by the assignor for goods purchased prior to January 6, 1936. On the latter date the Agricultural Adjustment Act was invalidated by the United States Supreme Court and the taxes were not required to be paid by the Standard Milling Company, it having in the meantime obtained a stay of the collection of such taxes. Therefore, prior to the date of the assignment, and on January 6, 1936, there existed a claim in favor of the assignor against the Standard Milling Company for the taxes paid over in connection with the purchases referred to and an obligation arose on January 6, 1936, on the part of Standard Milling Company to repay the moneys received from the assignor for the payment of taxes. The fact that Standard Milling Company overlooked, or was in error in representing when it filed its claim with the assignee on November 25, 1936, in connection with other sales, that there were no setoffs and that the assignee was unaware of the existence of the right to these tax moneys, does not alter the fact that the obligation of the Standard Milling Company to repay these moneys arose prior to the date of the general assignment. Learning of the existence of this right after the assignment does not change the nature of the obligation or the date when it arose. There can be no doubt as to the obligation of the Standard Milling Company to repay these taxes as a consequence of the terms of its contract and its own admissions respecting the nature and amount of these taxes, which admissions bring its obligations within

the principle of *Wayne County Produce Co.* v. *Duffy-Mott Co.* (244 N. Y. 351). It is not necessary to determine whether the tax moneys paid under the contracts were trust funds. The contracts gave the vendee a right to a refund. These contract provisions commingled and permitted a commingling of the tax moneys with the purchase price of the goods and thus may not have required the segregation thereof and, therefore, caused the transaction to take on the aspect of mutual debits and credits. There being no claim that the error was motivated by impulses generating an estoppel, the motion for leave to file an amended proof of claim should have been granted. Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to affirm upon the ground that the agreement between the parties provided that the refund was to become a part of the general fund and was not to be used as an offset in favor of Standard Milling Company.