Pettingell, J.
Action of contract in which the vital issue is raised by the defendant’s answer in set-off, it being" admitted that the amount claimed by the plaintiff is due. Much confusion might have been avoided in the report, and in the briefs., if the parties had remembered that the plain *175 tiff remains the plaintiff and the defendant the defendant although an answer in set-off is filed. There is no- such party as a plaintiff in set-off or a defendant in set-off.
The defendant ordered of the plaintiff, by mail certain yarn which the plaintiff shipped as ordered. The written order of the defendant contained a clause providing that if there was any “reduction” in the cotton processing tax levied by the United States of America, in accordance with the Agricultural Adjustment Act, the price stated in the order was to be reduced correspondingly.
After the goods ordered were delivered and paid for, the cotton processing tax was declared illegal and void. The defendant, by its declaration in set-off, now sets up as a defence to the plaintiff’s present action the amount of the cotton processing tax which was included in the price paid by it for the yarn sold to it by the plaintiff in the earlier transactions.
The defendant’s contention, relying upon the principle of an action for money had and received and the provision in the order that if the cotton processing tax was reduced the price for the order was to be reduced correspondingly, is that it is entitled to collect the amounts, representing the tax, which it had paid the plaintiff. The trial judge found for the plaintiff. The defendant alleges error in the denial of the defendant’s fourth requested ruling which was as follows:
4. That under the provisions of orders numbered 101 and 102, that
“If there is any reduction in the cotton processing tax the price, herein stated, is to be correspondingly reduced.
“Likewise any change in government regulations effecting your costs will be reflected in corresponding advances or reductions in the price of this order.” *176 the plaintiff in set-off is entitled to recover the amount of the cotton processing tax on the goods contracted and paid for under said order.
We find no prejudicial error in the denial of this request. Several cases involving the adjustment of the processing tax, between seller and purchaser, after the tax was declared invalid, have been decided recently from which certain definite principles can be drawn which are conclusive of the defendant’s contention.
Where there is no separation of the tax from the rest of the price agreed upon there can be no recovery. The tax is said “to- be buried in the price”. Casey Jones Inc. v. Texas Textile Mills Inc., 87 Fed. (2d) 454. Where the tax was specifically separated from the rest of the price, and the purchaser showed that the tax has been refunded to the seller by the government, the purchaser was allowed recovery on the theory that the seller held it as a trust fund to be accounted for. Wayne County Produce Co. v. Duffy-Mott Co., 244 N. Y. 351.
In Johnson v. Scott County Milling Company, 21 Fed. Supp. 847, decided, November 29, 1937, in the Eighth Circuit, it was held that where a product is sold at a specified price and a tax levied against the seller is buried in the price, the buyer cannot recover the tax paid by him to the-seller even if the seller is relieved from payment of the tax. The case holds, also, that recovery for money had and received is governed by equitable principles and that upon this principle a buyer cannot recover such a tax paid by him unless he shows that he has not passed the tax on to his. customers as an added cost to- them, or, if he has so passed, it on, that he has refunded the amount of the tax to them.. 'The case holds, further, that a tax clause in the contract,, similar to that in the orders given by the defendant to the plaintiff, applies, only while the contracts are executory *177 and have not been filled completely at the time of the increase or decrease in the amount of the processing tax, and that under such a clause the seller would be entitled to a credit only for a decrease or abatement in the processing tax made after the date of the order and before the contract was completely filled.
See also, Heckman & Co. Inc. v. I. S. Dawes & Son Inc., 12 Fed. (2d) 154; Golding Bros. Inc. v. Dumaine, C. C. A. (First Circuit) decided Deo. 8, 1937; Johnson v. Iglehart Bros., Inc., C. C. A. (Seventh Circuit) decided February 11, 1938.
In the case at bar the report shows that the tax was not separated from the entire price; that the defendant did not prove, that the plaintiff had ever received the tax back from the Government, that the defendant had not included the tax in the cost to its customers, or, if it had, that it had refunded it to them. It also appeared that the tax was declared invalid after the contracts of sale had been completed by the delivery of the goods ordered, the passage of title, and full payment for the goods.
The report is to be dismissed.