Opinion by
 

 Kenworthey, J.,
 

 Appellant, the additional defendant, in this trespass action, was properly served with a Writ of Sci. Fa. on March 13, 1939. After two trials, at neither of which he appeared, and more than a month after final judgments, he, on March 2, 1940, filed a petition to open
 
 *3
 
 the judgments and for a new trial on the grounds that (1) plaintiff had failed to comply with the rule of court requiring service of a copy of the order placing the case on the trial list for the second trial,
 
 [1]
 
 and (2) that the second trial, without his waiver, was held without a jury.
 
 [2]
 
 The lower court, in an opinion by Gordon, P. J., refused to open the judgment. This appeal followed.
 

 The action was by a minor child and her father to recover damages alleged to have been sustained as a result of injuries to the minor in an automobile accident. It was originally brought against Garman and Balzano, owner and operator, respectively, of the automobile. Garman filed an affidavit of defense denying agency and issued the Sci. Fa. alleging that appellant was, at the time of the accident, the employer of and controlled Balzano. Although not entirely clear from the printed record before us, it appears from the opinion of the lower court that appellant operated a garage or repair shop and that Balzano, his employee, was delivering Garman’s car to him when the accident occurred.
 

 The first trial took place October 19, 1939, and resulted in verdicts of $100 for the minor and $25 for the parent, against Balzano and appellant only, and a Verdict in favor of Garman. Plaintiffs filed motions for new trial, which were granted as to Balzano and appellant. They were denied as to Garman. The second trial, without a jury and without notice to appellant, took place on February 5, 1940. It resulted in a finding of $300 for the minor and $35 for the parent against Bal
 
 *4
 
 zano and appellant jointly. Judgments on these findings were entered February 13, 1940.
 

 As stated by this court in
 
 Planters Co. v. Brown-Murray Co.,
 
 128 Pa. Superior Ct. 239, 244, 193 A. 381, 383, “An application to open a judgment is an equitable proceeding, governed by equitable principles, addressed to the sound discretion of the court”; and “The burden, in such an application, is upon defendant to prove (1) due diligence, (2) grounds for opening the judgment, and (3) the existence of a meritorious defense.”
 
 [3]
 
 No question of due diligence is raised and sufficient grounds for opening the judgment appear if the court, under the circumstances, was satisfied that appellant had a meritorious defense. And our function is to reverse only if we conclude there was an abuse of discretion.
 
 Planters Co. v. Brown-Murray Co.,
 
 supra.
 

 In the light of these principles, we examine the petition to open and the deposition in support of it.
 

 Appellant makes no complaint about the regularity of the first trial. We assume he had notice of the verdicts, the motions for new trial and the action of the court thereon.
 
 [4]
 
 That trial resulted in a determination that he, not Garman, controlled Balzano at the time of the accident. No appeal having been taken from the refusal of a new trial as to Garman, that issue is now settled (see
 
 Schwan v. Kelly and Moore,
 
 173 Pa. 65, 33 A. 1107;
 
 Raisig v. Graf,
 
 17 Pa. Superior Ct. 509). At the second trial, Garman was not a party. The petition contains no averment that Balzano was free from negligence. And on none of the other issues in the case is there an adequate averment of a meritorious defense.
 
 *5
 
 In fact, the petition gives the impression of deliberate evasiveness. With regard to his control over Balzano, appellant merely avers “That the said Fred Balzano was employed by yonr petitioner, but that your petitioner avers that he believes that he was not responsible as the employer of Fred Balzano, as charged by the said sci. fa.”, and that he was advised by the officers of the Accident Investigation Squad that “their investigation discloses that the original defendant, George Gar-man, Jr., was alone responsible.” On the question of damages, he says, “......your petitioner has been informed that the injured child did not receive injuries which would warrant the entry of a verdict as granted and that, in truth and fact, had he been given an opportunity to defend at the time of trial, he believes that the verdict would have properly been entered in his favor.” No facts are set forth (see
 
 Hunter v. Forsyth,
 
 205 Pa. 466, 55 A. 26;
 
 Commonwealth v. Moeschlin, Inc.,
 
 314 Pa. 34, 45, 170 A. 119, 123). Nor does he aver an expectation of ability to prove his beliefs. These averments are denied and appellant’s deposition, which was the only evidence offered in support of the petition, was confined to a denial of notice or knowledge of the second trial.
 

 In our opinion, in refusing to open these judgments, the court did not abuse its discretion.
 

 The order of the lower court discharging the rule to open the judgments is affirmed.
 

 [1]
 

 Rule 69, Philadelphia Rules of Court, provides:
 
 “A
 
 copy of each paper filed in any action or proceeding, including praecipes to place the case on the trial list, shall be served by the party filing it upon all other parties to the litigation or their attorneys of record, within 48 hours after filing.”
 

 [2]
 

 It was also averred that the "Writ of Sei. Fa. had been issued too late, hut the petition contained no request that the Writ be quashed and at the oral argument in this court appellant expressly waived such contention.
 

 [3]
 

 Although, in a trespass action, a court
 
 may
 
 open a judgment even where the defendant does not show a meritorious defense.
 
 Scott v. McEwing,
 
 337 Pa. 273, 10 A. (2d) 436.
 

 [4]
 

 Plaintiffs’ answer avers that, following the first trial, copies of the motions for new trial were served on appellant by registered mail on October 23, 1939, and, in his deposition, appellant made no attempt to deny that he had received them.